CASE 65.—ACTION BY W. F. HUGHLEY AGAINST THE CITY
OF MAYFIELD.—November 30, 1909.

## City Mayfield v. Hughley.

Appeal from Graves Circuit Court.

R. J. Bugg, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

2.    Municipal Corporations — Charter — Taxation—Liability for
Knowledge of.—The duty of a municipality to keep its streets
and sidewalks in a reasonably safe condition for persons traveling thereon extends to cases where the obstruction or unsafe condition of the street is brought about by persons
other than the agents of the city; but the party seeking to
recover for failure to perform such duty must show that the
city had knowledge of the defect, or might have had knowledge thereof by the use of reasonable care.

2.    Municipal Corporations—Charter — Taxation —Liability   for
Defective Sidewalks.—It is no defense to an action against a
city of the fourth class for personal injuries from falling on a defective sidewalk that the territory where the accident occurred
had been annexed too late to be subject to taxation that year,
and that the taxes for subsequent years were sufficient to improve streets or sidewalks, since the charter of such cities
gives them the right to build sidewalks and assess the cost
against the abutting property, so that it was unnecessary for
the city to levy any general tax for such purposes.

3.    Municipal Corporations—Defects in   Sidewalks—Notice.—
Where it was shown that an excavation, which lowered a
sidewalk and allowed an obstruction to protrude, over which
the plaintiff fell, was made about three months prior to the
accident, the city was chargable with notice of the obstruction.

M. B. HOLEFIELD for appellant.

HESTER & MARTIN for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER —Affirming.

This action was instituted by appellee, W. F. Hughley, to recover damages for personal injuries occasioned by his falling over an obstruction in one of the streets of the city of Mayfield. The jury returned a verdict in favor of appellee for the sum of $250, and the city appeals.

In the year 1907 the street on which appellee received his injuries, which is known as South First street, was annexed to the city of Mayfield. At the time appellee received his injuries, he was on his way from his home to a union labor meeting. It was a dark night, and there were no street lights in the immediate neighborhood. At the time he was engaged in conversation with a friend. The accident occurred in front of the residence of Caroline Armstrong. Having determined to build a sidewalk in front of her property, she made an excavation in order to make the grade of her walk conform to the grade of the other walks which had been built. In doing this, she lowered the ground and caused the stop box belonging to the Mayfield Water & Light Company to project above the ground to a height of about six inches. While appellee had a general knowledge of the location of the stop box, he momentarily forgot its presence and stumped his toe against it and fell to the ground.

Appellant filed an answer containing four paragraphs.,The first paragraph contained a general denial. The second paragraph contained a plea of contributory negligence. The third paragraph contained a plea to the effect that Caroline Armstrong, without any notice to, or any order, permission, or

authority from, the city of Mayfield, undertook to
build a sidewalk in front of her premises, and made
the excavation which caused the stop box to project
high and thus cause the injuries complained of.    The
fourth paragraph contained a plea to the effect that
the annexed territory where the accident occurred
was taken into the city when it was too late to subject
the same to taxation for the year 1907, and that in
the years 1907 and 1908 all the taxes were levied upon
property in the city that were permissible under the
charter of the city and the laws and Constitution of
the Commonwealth, and that the city could not in
either of said years improve the street or walkway
in question without expending more money than was
levied for public improvements.

It is first insisted by appellant that the court erred
in sustaining a demurrer to the third and fourth para-
graphs of the answer.   This contention, however, is
without merit.   The rule is well settled that the duty
and consequent liability of a municipality to keep its
streets and sidewalks in a reasonably safe condition
for persons traveling thereon extends to those cases
where the obstruction or unsafe condition of the street
is brought about by persons other than the agents of
the city; but, to impose liability upon the municipal-
ity in such cases, it devolves upon the party seeking a
recovery to show that the city had knowledge of the
defect, or might have had knowledge thereof by the
use of reasonable care and watchfulness.   28 Cyc.
1353.   Another statement of the rule is as follows:
"A municipal corporation is liable for injury result-
ing from an excavation or obstruction in one of its
public streets, made by an abutting owner for his own
purposes, if the corporation had actual or construc-

City Mayfield v. Hughley.

tive notice of the dangerous condition of the street for a sufficient length of time to enable it to guard the public safety.''   28 Cyc. 1354.

Nor did the fourth paragraph present any defense. The charter of cities of the fourth class gives to the city the right to construct or reconstruct its sidewalks and assess the cost thereof against the property of the abutting landowners.   It was unnecessary for the city to levy any general taxes for such purposes, and the fact that it did not have any funds levied for the purpose furnished no reason for not proceeding to have the sidewalk constructed or reconstructed as authorized by the charter.   The evidence shows that the excavation by Caroline Armstrong was made about three months prior to the accident.   Thus the city had plenty of time to order the work done.

While it is not shown that appellee's injuries were at all serious, we cannot say that the sum of $250 is excessive.

The instructions are not complained of, and there was sufficient evidence to justify the submission of the case to the jury.

For the reasons given, the judgment is affirmed.