## Houston, Stanwood & Gamble Company v. Smith.

(Decided October 6, 1915.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

1. Appeal and Error—Former Appeal—Evidence.—The opinion of this court upon a former appeal under substantially the same evidence is conclusive of the question whether the case was properly submitted to the jury, and is likewise conclusive of the question that certain alleged statements to appellee by the officials of appellant were equivalent to a promise to repair.

2. Trial—Deposition—When too Late to Move to Exclude.—Where on the second trial of a case a deposition properly used on the first trial was introduced without objection, it is too late thereafter to move to exclude it.

3. Damages—Verdict—When Not Excessive.—Where three fingers on the right hand of a carpenter were injured by an accident to such an extent that he was unable to thereafter properly grip his carpenter tools, or to follow his said occupation, and his earning capacity was materially impaired, a verdict for $1,000 is not excessive.

S. D. ROUSE and WAITE & SCHINDEL for appellant.

MYERS & HOWARD for appellee.

OPINION OF THE COURT BY JUDGE TURNER.—Affirming.

This is the second appeal of this case. (157 Ky., 520.)

Upon the first trial in the circuit court at the close of the plaintiff's testimony that court gave a peremptory instruction to find for the defendant. This court held in the opinion referred to this to be error and reversed the judgment that a trial might be had.

At the last trial the plaintiff recovered a verdict and judgment for $1,000, from which judgment this appeal is prosecuted.

Appellee was a carpenter, 55 years of age, employed by appellant, and was injured while operating a saw in appellant's factory which he claims to have been in a defective condition and which appellant had promised to repair.

The plaintiff's evidence upon the last trial was in no material respect different from that upon the first trial, and, of course, the former opinion of this court is conclusive of the question that the case was properly submitted to the jury. And it is likewise conclusive of the question that the statement alleged to have been made to the plaintiff by the officials of appellant was equivalent to a promise to repair.

Before the first trial one of appellee's witnesses desired to leave the state and his deposition was taken and used upon the first trial without objection, the witness at the time being absent. On the last trial the deposition was also used as evidence for the plaintiff without objection; but after it had been so used, counsel for appellant moved to exclude it from the jury upon the ground that at that time the witness was in Covington and should have been introduced in person. (Sec. 554 Civil Code.) Not only did this come too late, but as no written exceptions were filed going to the exclusion of this deposition before the commencement of the trial it must have been overruled even if it had been made in time. (Section 587 Civil Code.)

The evidence by the plaintiff is that three of his fingers on his right hand were seriously injured by the saw; that since the injury he had been unable with that hand to properly grip his carpenter tools so as to follow his occupation; that at the time of his injury he was earning three dollars a day following his business as a carpenter, and that since that time by reason of the con-

dition of his fingers he had been unable to follow that occupation and had been compelled to accept other employment of a different character at which he had not made exceeding one dollar and a half a day, although it does appear from the evidence that some weeks after his injury at the solicitation of appellant's officers, he returned to its employment and acted as an assistant in operating either the same or a similar machine during a period when appellant was very busy and short of labor.

Appellee's statement as to the condition of his three fingers and his inability to properly grip his carpenter tools by reason of their condition is to some extent corroborated by two or more physicians.

In view of this evidence that his earning capacity had been greatly impaired and assuming that at his age it will be almost certainly permanent, the contention that the verdict was excessive cannot seriously be considered.

There is no complaint of the instructions except that it is claimed the court erred in instructing the jury upon the question of appellee's permanent impairment; this objection is only incidentally referred to in the brief and is not insisted upon, and could not well be in the light of the evidence, not only of the plaintiff himself but of at least one of the physicians, that the injury to one or more of his fingers was permanent.

Judgment affirmed.