## Eagan v. City of Covington.

(Decided November 19, 1915.)

### Appeal from Kenton Circuit Court.
### (Law & Equity Division).

1. Municipal Corporations—When Not Responsible for Accident Caused by Defects Resulting From Acts of Third Persons.—A city is not responsible for accidents which happen in its streets as the result of defects caused by the acts of persons not connected with its government, unless the defect is actually known to its authorities or has existed for such a length of time and under such circumstances that they, in the exercise of ordinary care, ought to have obtained knowledge of it.

2. Municipal Corporations—Peremptory Instruction Directing a Verdict for the City—When Proper.—Where the plaintiff's evidence showed that she fell into a hole in an unpaved sidewalk, in an outlying residence district, which became filled with water, and was thereby concealed, for the first time on the morning of the day of the accident, a verdict was properly directed for the city.

8. Streets and Sidewalks—Duty of City With Respect to—When Not Liable for Injuries to Pedestrians.—It is the duty of a city to use ordinary care to keep its streets free from obstructions and defects, and in safe condition for persons traveling in the usual modes by day and night, but it is not an insurer against accidents to persons using its thoroughfares; nor liable for injuries caused by a defective street or sidewalk, in the absence of actual notice of same, or unless they have existed so long that notice or knowledge thereof should be imputed to the city. Whilst generally the jury should be allowed to determine, as a question of fact, whether the city has such notice, yet where the facts are undisputed and but one reasonable inference can be drawn from them, it becomes a question for the court to decide.

B. F. GRAZIANI for appellant.

FRED W. SCHMITZ and JOHN A. RICHMOND for appellee.

Opinion of the Court by Judge Settle.—Affirming.

This is an appeal from a judgment of the Kenton
Circuit Court, Law and Equity Division, entered upon
a verdict in favor of the appellee, City of Covington,
returned by the jury in obedience to a peremptory in-
struction from the court. The action was brought by the
appellant, Josephine Eagan, to recover of the appellee
city damages for injuries sustained to her person, result-
ing from a fall into a hole of water in a sidewalk, which,
it was alleged, appellee had knowingly and negligently
maintained or permitted to exist.

The accident, according to the evidence, occurred un-
der the following circumstances: On March 26, 1913,
about five o'clock p. m., appellant left a street car, upon
which she had been a passenger, near the intersection of
Third Street and Crescent Avenue, for the purpose of go-
ing to her home about half a square on and beyond Cres-
cent Avenue. Third Street runs into and ends upon Cres-
cent Avenue. On its west side Crescent Avenue is
bounded by a hill or hills. Third Street is the first one
reached in entering the city at that point from the Ohio
river, and runs parallel with the river. The street cars
run along Third Street and upon reaching Crescent
Avenue turn northwardly. The regular stopping place
of the cars is on Crescent Avenue at its intersection with
Third Street, but as at the time of the accident the Ohio
river, owing to frequent heavy rains, was out of its
banks, and the presence of a large body of back water
from a sewer overflowed Crescent Avenue at the point of
its intersection with Third Street, the car upon which ap-
pellant was a passenger had to turn northwardly and
run several yards on Crescent Avenue before stopping.
When appellant left the car, she could not, owing to the
presence of the standing water on Crescent Avenue, im-
mediately cross to the west side thereof without wad-
ing through the water, nor could she cross Crescent
Avenue from Third Street in a southerly direction, for
the same reason. She was, therefore, compelled to walk
along the north side of Third Street eastwardly to a
point where there was no water between the curbs in
order to cross from the north side of Third Street to
the sidewalk on the south side thereof, from which she
could proceed in a westerly direction to Crescent Ave-
nue, where it was sufficiently elevated above the water

to enable her to reach its west side and proceed to her home.

Third Street is paved with brick between the curbing; but the sidewalk on the north side thereof, upon which appellant had to travel, is not paved. After leaving the street car and walking eastwardly on the north sidewalk of Third Street a distance of about forty feet, appellant claimed to have stepped upon two boards which lay upon the sidewalk with one end of each resting upon the curbing. Upon stepping upon the boards they either broke or separated and she fell between or from them into a hole of water of such depth that her person was completely submerged. She, however, rose with her head to the surface and succeeded in catching hold of the curbing, to which she clung until rescued by two young men who came out of a nearby saloon in time to witness the accident. After being taken out of the water, appellant was carried to her home. It does not appear that any of her bones were broken, or that her body was materially bruised by the fall, but the wetting and shock she received greatly chilled her and caused her to contract a cold, which resulted in rheumatism, and confined her to her room or bed for about three weeks, by all of which she was caused very considerable physical and mental suffering.

The answer of the city is in two paragraphs, the first containing a traverse and the second a plea of contributory negligence. A reply was filed, controverting the plea of contributory negligence, and with the issues thus joined the case went to trial. The peremptory instruction directing the verdict for the appellee city was granted by the court at the conclusion of the appellant's evidence, and we are now called upon to say whether this action of the trial court was or not error.

If there was any evidence introduced in behalf of appellant, conducing to sustain the cause of action set out in her petition, the case should have gone to the jury, otherwise the non-suit was properly directed. It is admittedly the duty of a municipality to keep its streets and sidewalks in a reasonably safe condition for persons traveling thereon, and this duty extends to cases where the obstruction or unsafe condition of the street or sidewalk is brought about by persons other than the agents of the city; but in such case the party seeking to recover against the city for a failure to perform such duty

must show that it had knowledge of the defect or might have had knowledge thereof by the use of ordinary care. In other words, the city is not liable for injuries caused by such defects in its streets, in the absence of actual notice thereof, or unless they have existed so long that notice should be imputed to it. Bell v. City of Henderson, 24 R., 2434; Mayfield v. Hughley, 135 Ky., 532; Canfield v. City of Newport, 24 R., 2213.

Appellant introduced six witnesses besides herself. Her testimony only shows how the accident occurred and that she had no information of the existence of the water hole until she fell therein. Mrs. Canfield testified as to the manner in which the accident occurred and to the effect that she knew nothing about the water hole, other than the fact that she had observed the boards lying across it about an hour before the accident. Mrs. Vandruff saw the accident, but knew nothing of the existence of the hole until the morning of the day the accident occurred, at which time it was not entirely filled with water and was covered by the boards. Clifford Johnson first saw the water hole about two days before the accident. According to his testimony, the hole had been made by a previous washout, but then contained little or no water. When first seen by him there was space enough north of the hole to enable those traveling the sidewalk to pass it in safety. At that time there were boards lying on the sidewalk and curbing near the hole, but none across or upon it. He further testified, however, that on the day of the accident the sudden rise of the river or overflow of the sewer filled the hole with water, and he then observed for the first time that two boards had been placed across the hole.

Leo Harrington, one of the two young men who rescued appellant from the water hole at the time of the accident, never saw or knew of the existence of the hole until the rescue was effected. Henry Wanderla saw the washout or hole about a week before the accident. It was not then filled with water nor was it so large as on the day of the accident. When first seen by him there were boards scattered along and upon the sidewalk from Crescent Avenue to a point beyond the hole, but there were no boards across the hole, and there was space on the north of it of sufficient width to be used by persons traveling the sidewalk. According to his further testimony, he again saw the hole on the day of the ac-

cident and the two boards lying across it. It was then filled with water and the water covered the sidewalk, where the hole was situated, to within about an inch of the top of the curbing. Anna Williams first saw the hole three or four days before it was filled with water and knew that it did not become filled with water until the day of the accident. Nearly all of the witnesses mentioned testified that at the time of the accident the water in the hole must have been of the depth of ten or more feet.

It is patent from the foregoing evidence that the hole into which appellant fell was caused by a previous rise in the river or overflow of the sewer; that it had not existed for more than a week; that it contained no water of consequence until the day of the accident, when it was filled by a sudden rise in the river or overflow from the sewer; that down to the day of the accident it was plainly discernible and that those traveling the sidewalk had sufficient space in the sidewalk to pass it without danger; in other words, that its presence did not make the sidewalk dangerous until the day on which the accident occurred, and we have been unable to find in the record any evidence conducing to show that the authorities of the appellee city had any knowledge or information of its existence prior to the accident resulting in appellant's injuries. This is not strange, as the place of the accident is in a suburb of the city of Covington. It is true, one or two witnesses testified that members of the police force of the city occasionally visited that neighborhood, but no witness testified that any of them were seen at or near the place of the accident on the day it occurred. Besides, knowledge of a member of the police force of a defect in a city street is only notice to the city when he is charged with some duty with reference thereto. City of Louisville v. Lenehan, 149 Ky., 537.

It is not apparent from the evidence how or by whom the planks from which appellant fell were placed over the water hole. They were probably floated over the hole by the water that overflowed the sidewalk. At any rate, there was no attempt to show that the planks were placed over the hole by any agent or employe of the appellee city, and neither the facts shown, nor any reasonable inference deducible therefrom, make it fairly apparent that the exercise of ordinary care on the part of the city authorities would have enabled them to discover

the dangerous condition of the sidewalk before the occurrence of the accident resulting in appellant's injuries.

In Canfield v. City of Newport, *supra,* it is in the opinion said:

"The appellant, Patrick J. Canfield, brought this suit against the appellee, the city of Newport, to recover damages for injuries which resulted from falling into a manhole in the gutter at the southeast corner of Saratoga and Fifth Streets in the city of Newport, which he alleges the defendant negligently and knowingly permitted to remain open and unguarded. The testimony shows that on a Sunday morning in October, 1899, between 11 and 12 o'clock, some boys took the iron covering from this manhole to release a cat, which had fallen into the sewer, and that when they attempted to replace the lid it fell into the hole, which was some nine feet deep; that a citizen who lived in the vicinity immediately placed a barrel over the hole and weighted it down with rocks, thus furnishing an effectual barricade against accidents; that it remained in this position during the day, but was removed by some unauthorized person during the following night; that the appellant, Patrick J. Canfield, fell into this hole on Monday morning before daylight, while on his way from his home to the butcher shop. The testimony fails to show at what hour, or by whom the barrel was taken from over the hole, or that the city authorities had notice that the covering had been removed.

"A city is not responsible for accidents which happen in its streets as the result of defects caused by the acts of persons not connected with its government, unless such defect has existed for such a length of time and under such circumstances that the city or its officers, in the exercise of proper care and diligence, ought to have obtained knowledge of it. (Elliott on Roads and Streets, section 628; City of Covington v. Asman, 24 Ky. Law Rep., 415). There was no defect in the covering of this manhole before it was interfered with by unauthorized persons, and the placing of a barrel over it appears to have been a reasonable precaution against accidents, although not taken by the city, and no injury would have resulted except for the unauthorized removal of it from the hole some time during Sunday night. The facts in the case do not, therefore, warrant a presumption of negligence on the part of the city of Newport, and we

think the trial court properly directed the jury to find a verdict for appellee."

In Hazelrigg v. City of Frankfort, 29 R., 207, damages were claimed by the plaintiff (appellant) because of being thrown out of a buggy he was driving along a street of South Frankfort at eight o'clock p. m., by running over a pile of crushed stone three feet high and eight feet wide. The evidence introduced in his behalf showed that the obstruction was first seen by the witnesses at five o'clock that afternoon, three hours before the accident. The trial court, at the conclusion of the plaintiff's evidence, granted a peremptory instruction directing a verdict in favor of the defendant, city of Frankfort. In affirming that judgment, we in part, said:

"In order to render the city liable it must be shown that it, by exercising ordinary care, could have known of the existence of the obstruction in the street and removed the danger. We can not say that it is actionable neglect for the city to fail to discover in three hours an obstruction in one of its streets caused by a lot of rock screenings being dumped there. There is no evidence that the city knew of the obstruction and the bare fact that it had been there for three hours is not sufficient to charge it with liability."

In Read v. City of Detroit, 99 Mich., 204, it was held that "where the evidence for the plaintiff showed that she stepped through a hole in a culvert in an outlying residence district, which hole was first seen on the morning of the accident, a verdict should have been directed for the city."

In Bell v. City of Henderson, *supra,* the appellant sued the city of Henderson to recover damages for a personal injury sustained by stepping into a hole in a platform which had, with the permission of the city, been erected by Norris & Lockett, hardware merchants, in front of their business house on First Street in the city of Henderson, the platform extending from the curbing of the pavement across the gutter to the street beyond; it being alleged that the platform was rotten and unsafe, which fact was known to the city, or could by the exercise of ordinary care have been known by it, in time to have prevented the accident. It appeared from the evidence that on Friday evening before the plaintiff was hurt on Saturday night, a plank in the platform was broken. A verdict in behalf of the defendant was di-

rected by a peremptory instruction from the trial court. In the opinion it is said:

"It was the duty of the defendant (city) to use ordinary care to keep its streets and alleys free from obstructions and in safe condition for persons traveling in the usual modes by day and night. When they permitted Norris & Lockett to erect and maintain a platform in the street, which was liable to be used by pedestrians passing from the pavement to the street, it was as much bound to see that it was kept in good condition as if they had erected it themselves. And their liability for defects in the platform is exactly the same as their liability for defects in any other part of the street. But a municipality is not an insurer against accidents to persons using its thoroughfares. It is not liable for injuries caused by defective streets in the absence of actual notice of such defect, or unless they have existed so long that notice or knowledge thereof should be imputed to them. And notice should not be imputed where the defects are of recent origin, and particularly where they are concealed in anywise. Whilst generally the jury should determine as a question of fact whether a city has such notice, yet where the facts are undisputed, and but one reasonable inference can be drawn from them, it becomes a question for the court to decide.  *  *  *  " City of Corbin v. Benton, 151 Ky., 483.

Applying the principle announced by the authorities, *supra,* to the facts of this case, they were not, in our opinion, sufficient to authorize its submission to the jury; and while, ordinarily, whether a city has had such notice of a defect in a street or sidewalk as to charge it with liability, is a question for the jury, yet where but one inference can be drawn from the facts, the question is for the court.

In our opinion there was no error in the giving of the peremptory instruction directing a verdict for appellee, therefore the judgment is affirmed.