## City of Louisville v. Dahl.

(Decided May 18, 1916.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Trial—Taking Case From Jury—Evidence—Sufficiency.—Since the credibility of a witness and the weight of his testimony are for the jury, courts are not at liberty to refuse to submit a case to the jury on the ground that the evidence of plaintiff's witnesses as to distance is based on estimates, while the evidence for the defendant is based on actual measurements.

2. Evidence—Photographs—Enlargement—Admissibility. — The fact that photographs are enlarged does not render them inadmissible as evidence, when their correctness is established and their enlargement is brought to the attention of the jury.

3. Trial—Instructions—Error.—Where negligence is defined by other instructions as a failure to exercise ordinary care, an instruction on contributory negligence telling the jury that it was the duty of plaintiff ''to exercise ordinary care for her own safety in using the sidewalk, and if you believe from the evidence in this case that she failed to exercise such care and her negligence, if any, so contributed to bring about her fall and injury, if she did fall and was injured, that but for her negligence she would not have been injured, the law of the case is for the defendant,'' etc., is not erroneous because of the use of the word ''negligence'' in the first instance in place of the word ''failure,'' and the use of

the word "negligence" in the second instance in lieu of the words "her failure to exercise such care."

4. Appeal and Error—Verdict—Excessiveness.—In a personal injury action, exidence examined and held that a verdict of $2,000.00 was not excessive.

·J. W. S. CLEMENTS and PENDLETON BECKLEY for appellant.

CHESLEY H. SEARCY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is a personal injury case, in which plaintiff, Edna Dahl, recovered of the defendant, City of Louisville, a verdict and judgment for $2,000.00. The city appeals.

According to the evidence for plaintiff, the concrete pavement on Melwood avenue was broken in such a way as to form a shell or crust. While walking along the street for the purpose of catching a car, her foot caught in the concrete and she was thrown to the ground. The accident happened about 8:15 p. m., June 19th, 1913, and it was then dark. Plaintiff weighed about 180 pounds and her fall was a severe one. Her left side and left limb were badly bruised and the radius of her left arm was fractured. Doctor Hartman, who examined the sidewalk shortly after the accident, says that he lighted a match and found that a piece in the sidewalk had been broken, and that this piece extended up to about the height of three inches. Though he did not measure, but only estimated the distance, he was sure that it was not less than three inches but was probably between three and three and one-half inches. He also said that the projecting portion overlapped the other part and was easy to stumble over. Other witnesses testify to the same condition. For the defendant several witnesses, who actually measured the elevation of the concrete at the place of the injury, testified that the elevation was from one-half to three-quarters of an inch. On the other hand, two or three witnesses for plaintiff testify that after the accident the projecting concrete bore evidences of having been pressed down.

The city contends that the trial court erred in refusing to sustain its motion for a peremptory instruction. This contention is based on the proposition that the witnesses for plaintiff merely estimated the height

of the projecting concrete, and that their testimony was negligible in value compared to that of the witnesses for the city, who made actual measurements which showed that the concrete did not project higher than three-quarters of an inch. It may be conceded that actual measurements of distances are entitled to more weight than mere estimates, and that for this reason some of the courts hold that testimony based on mere estimates or opinions is so conjectural and indefinite as to raise no real conflict with testimony based on actual measurements made by reliable witnesses, and may, therefore, be disregarded. Jones v. City of Detroit, 171 Mich. 608; Wanta v. Milwaukee Elec. Ry. L. Co. (Wis.), 134 N. W. 133; Lalor v. City of New York, 208 N. Y. 431, 102 N. E. 558. In this State, however, both the credibility of the witness and the weight of his testimony are for the jury. We are not at liberty to disregard his testimony on the ground that it is highly improbable or is at variance with other testimony of a more convincing character. It is only where the facts testified to are utterly at variance with well-established and universally recognized physical laws, and therefore inherently impossible, that courts may refuse to submit the case to the jury. Wasioto & B. M. R. Co. v. Hall, 167 Ky. 819, 181 S. W. 629; L. & N. R. R. Co. v. Chambers, 165 Ky. 703, 178 S. W. 1041. The rule in this State is that where the defect in the sidewalk is such that reasonable men may well differ as to whether or not a sidewalk with such a defect is reasonably safe for travel by persons exercising ordinary care for their own safety, the question is for the jury and not for the court. City of Dayton v. Lory, 169 Ky. 94; City of Covington v. Visse, 158 Ky. 134. Notwithstanding the defendant's evidence that the concrete projected to a height not exceeding three-quarters of an inch, we conclude the plaintiff's evidence that the concrete projected to a height of three inches presented a question for the jury.

2. It is next insisted that defendant was prejudiced by the introduction of enlarged photographs, which exaggerated the defect in the sidewalk. It was shown that the enlarged pictures were taken from the same plates from which the smaller pictures were made and their correctness was clearly established. The fact that they were enlarged was repeatedly brought to the attention of the jury. Under the circumstances, we con-

clude that the mere fact that the photographs were enlarged did not render them inadmissible as evidence. Howard, et al. v. Illinois Trust & Savings Bank, 59 N. E. 1106.

3. Instruction No. 2 is as follows:

"I further instruct you, gentlemen, that it was the duty of the plaintiff, Mrs. Edna Dahl, to exercise ordinary care for her own safety in using the sidewalk, and if you believe from the evidence in this case that she failed to exercise such care and her negligence, if any, so contributed to bring about her fall and injury, if she did fall and was injured, that but for her negligence she would not have been injured, the law of the case is for the defendant and you should so find, although you may believe from the evidence that the sidewalk was negligently permitted to be in an unsafe condition as submitted to you in the first instruction."

This instruction is assailed on the ground that the court should have used the words "her failure, if any," instead of the words "her negligence, if any," and lower down in the instruction should have used the words "her failure to exercise such care" instead of the words "her negligence." In view of the fact that negligence is a mere failure to exercise ordinary care and was so defined in other instructions given by the court, it is manifest that the use of the word "negligence" in the first instance in place of the word "failure," and the use of the word "negligence" in the second instance in lieu of the words "her failure to exercise such care," were in no sense misleading to the jury and cannot, therefore, be regarded as prejudicial.

4. Lastly it is insisted that the verdict is excessive. The evidence leaves no doubt that plaintiff, who was a very large woman, was thrown to the ground with unusual force, and that the mental and physical suffering resulting from her injuries was unusually severe. It also appears that her entire left side and left limb were badly bruised and that the radius of her left arm was broken so that the fracture extended into the joint. Her fingers and wrist have been made stiff and she is unable to close her hand. Prior to her injury she not only did the house work and washing in her own home but worked out for others. Since her injury she has been unable to do anything except very light house work. It also appears that the injury to her hand is

permanent.    Under the. circumstances, we cannot say that a verdict for $2,000.00 is so disproportionate to the injuries received as to strike us at first blush as being the result of prejudice or passion on the part of the jury.    We, therefore, conclude that the verdict is not excessive.

Judgment affirmed.