## City of Paducah v. Konkle.

(Decided December 16, 1930.)

W. V. EATON for appellant.

L. B. ALEXANDER for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Affirming.

The appellee, Frank Konkle, by his next friend, recovered judgment for $5,000 against the city of Paducah for injuries sustained by him when the pony he was riding fell with and on him, because, as he contends, of a defect in the street. The accident occurred at the intersection of Second and Washington streets in Paducah, which are paved with asphalt and a 20-inch concrete gutter. There was a hole or depression in the concrete and asphalt where they joined which was 3 to 5 inches deep, 8. or 10 inches wide, and about 4 feet long, curving with the curb. An inch or two was in the asphalt and the larger part of the hole in the concrete. It was caused by the treads of wagons and other vehicles as they turned the corner.

The evidence shows that a similar hole had been repaired about a year before, and that this one had gradually worn to the size indicated since that time. The superintendent of streets testified that it was noticeable for about a year and he had seen it several times. Other witnesses say it had been there for some time and was particularly noticeable because of the quantity of water splashed out as vehicles made the turn. The paving was worn slick at the place. The boy lived on another street and was not familiar with the condition at that corner, although he had passed that way occasionally.

According to the evidence of the boy and some of the witnesses, he was riding in a trot or slow gallop, and when he turned the corner, "hugging" the curb, the pony stepped into the hole, which caused it to stumble and fall on his leg. Other witnesses testified that he was riding in a gallop and in making the sharp turn the pony's feet slipped from under him. Their evidence tends to prove that the presence of the hole had nothing to do with the fall. The boy and the few witnesses who saw the acci-

dent underwent exhaustive cross-examination, and there was evidence sufficient to prove that the hole in the street caused the pony to fall, and the jury accepted that view of the case.

The appellant claims it was entitled to a peremptory instruction; if not, the lesser claim is made that the verdict is palpably against the evidence. By instructions, about which no complaint is made, the court submitted the question of fact as to the cause of the pony's fall and the matter of the plaintiff's contributory negligence. There was sufficient evidence for the jury to find that the hole in the street was the proximate cause of the injury and that the boy was not contributorily negligent. We do not therefore regard that conclusion as being palpably against the evidence.

Nor is there merit in the claim that the concrete gutter was for the sole purpose of drainage and is not to be considered as a part of the street maintained for travel or a place which the city is required, under the law, to keep in a reasonably safe condition for travel. The fact that a hole of this size was worn by the traffic, which fact was known to the city authorities in charge of the streets, is a sufficient answer to the contention that it is not to be considered as a place of travel. The concrete edging of the asphalt was but a different character of paving material.

Of course, a city is not an insurer of the safety of those using its streets, nor is it required to do the impossible thing of providing against a horse slipping on them. It is required to maintain the streets in a reasonably safe condition for the character of travel for which they were maintained. Tudor v. City of Louisville, 172 Ky. 429, 189 S. W. 456; Bruce's Adm'x v. Callahan, 185 Ky. 1, 213 S. W. 557. Notice must be taken of the different classes of people that use the streets, and they must be maintained in order for use by these several classes, including children. Gnau v. Ackerman, 166 Ky. 258, 179 S. W. 217. We have not yet reached the stage of complete evolution from the horse and pony as modes of transportation, and it is still to be presumed that that is a character of travel which may be expected to use the public thoroughfare. A hole in the place of the character described, with an actual knowledge thereof on the part of the superintendent of streets, renders the city liable in damages to travelers who are injured as the proximate result. Bickel Asphalt Paving Company v. Yeager, 176

Ky. 712, 197 S. W. 417. The jury found that that liability existed here, and this court is not authorized to set aside the verdict on the facts.

It is contended that the petition as amended did not state a cause of action. The criticism made is technical and not at all substantial. It is sufficient to say that, if defective on the grounds claimed, the defective pleading was cured by the verdict. Thoenis' Adm'x v. Andrews, 231 Ky. 160, 21 S. W. (2d) 250.

It is argued that the award of $5,000 damages is excessive. The boy's leg was broken square across about midway between the knee and hip. Also, both bones just above the ankle were broken obliquely. It was a character of injury, the doctor testified, that produces extreme pain, and narcotics were required to control it. Because of the complex fractures and extreme swelling, enough pressure could not be applied to keep the ends of the bones together. The result has been that the leg will be about an inch shorter than the other one. The boy was taken to the hospital on the day of the accident, December 12, 1929, and had been there continuously when the trial was had February 28, 1930. The doctor stated he should remain there for some time.

The courts endeavor to define the measure of damages with some precision, but the application of the rule or definition must be left to the jury. Those twelve men, chosen with care as being fair and competent, are regarded as qualified to estimate the amount of compensation, and under the law their finding is to be accepted. It is only where the amount awarded appears to the judicial mind at first blush or impression to be so extravagant as to have been superinduced by passion or prejudice that it will be considered as excessive. In the recent case of Nussbaum v. Caskey, 235 Ky. 640, 32 S. W. (2d) 18, the attitude of the court towards the verdict of a jury in this respect is fully stated and the reasons therefor clearly given. The amount of this verdict, though liberal, cannot be regarded as excessive as thus considered.

The judgment is accordingly affirmed.