## City of Paintsville v. Spears.

(Decided March 15, 1932.)

WHEELER & WHEELER and BEN H. VAUGHAN for appellant.

FRED HOWES and A. J. KIRK for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

This appeal is from a judgment for $1,000 against the appellant, city of Paintsville, in favor of Mrs. Lucy Spears, the appellee, for personal injuries sustained by her in March, 1930, by reason of a defective sidewalk.

A year or more before the accident, the city had put in a culvert and fill across Happy Hollow branch. A settling of the fill caused a separation in the concrete sidewalk and, though it was subsequently repaired, it later

separated and formed a crevice about five or six inches wide and extended across the sidewalk. The pavement was also caused to tilt or incline. Mrs. Spears' home was on the opposite side of the street a short distance above the place where the accident occurred. Her garage was at the edge of the street about opposite the defect in the sidewalk. She seldom crossed over and walked along the pavement and says that she had no knowledge of the defective condition. While going to call on a neighbor she stepped into the hole or caught her foot in it or was caused to slip by reason of the incline in the pavement. The accident occurred about dark and the place was between two street lights, the closest one about forty feet away.

The evidence for the plaintiff was to the effect that the place was shaded by a sycamore tree and was very dark. The defective condition had existed for several months and the attention of the city engineer had been specifically called to it.

The evidence for the city was that the crevice or spread in the pavement was five or six inches wide at one end and about two inches at the other at the time of the accident and that the place was amply lighted. The city engineer and other officials testified that a similar separation in the pavement had been repaired about a year before, but they had knowledge of the fact that the ground had again settled and opened up the pavement and they knew the defect had existed since the previous summer.

While the original petition charged negligence on the part of the city in failing to light and guard the place so as to give warning of the danger, the amended petition charged negligence in replacing the sidewalk and in permitting the described defective condition to remain with actual knowledge and constructive notice thereof.

The appellant insists that it was entitled to a peremptory instruction because the defect was so slight as not to render the city liable for negligence, and that the plaintiff was contributorily negligent because, living in such close proximity to it, she was bound to have known of the hole. The proposition is untenable. With the exception of the issue as to the extent or degree in which the place was lighted, the evidence was all one way and proved negligence on the part of the city.

A municipality is required to maintain its pavements in a reasonably safe condition for the use of the travel-

ing public, exercising care for their own safety. It is a question for the jury, where the defect is of such a character that reasonable men may well differ as to whether or not a sidewalk with that kind of defect is reasonably safe for travel by persons exercising ordinary care for their own safety. City of Louisville v. Dahl, 170 Ky. 281, 185 S. W. 1127; City of Lebanon v. Graves, 178 Ky. 749, 199 S. W. 1064, L. R. A. 1918B, 1016; City of Ludlow v. Gorth, 214 Ky. 833, 284 S. W. 84. A pedestrian is not required to anticipate danger, but may proceed upon the assumption of a reasonably safe condition. Foreman v. Western Union Telegraph Company, 228 Ky. 300, 14 S. W. (2d) 1079. It is usually a question for the jury in case of an accident whether he was at the time proceeding with proper care for his own safety. City of Providence v. Hunter, 231 Ky. 72, 21 S. W. (2d) 135. The relative duties of the parties were submitted to the jury by appropriate instructions, and the jury found that the defect was of such a character as to constitute negligence on the part of the defendant and that the plaintiff was not contributorily negligent.

Criticism is made of the instructions submitting the duty of the city because it did not incorporate the issue as to the sidewalk being sufficiently lighted. That was one of the special pleas of negligence made by the plaintiff and the evidence was conflicting on the point, but we cannot see why the defendant should complain of the omission to submit specially that issue. It was a matter comprehended by the duty of the city to use ordinary care to maintain the sidewalk in a reasonably safe condition. If it had been conclusively shown that the place was sufficiently lighted or the accident had occurred in the middle of the day, that fact would not have relieved the city of its duty as defined in the instruction.

Nor can we sustain the argument that the verdict is excessive. Mrs. Spears was 58 years old and suffered a broken arm by reason of the fall. She had endured excruciating pain, and at the time of the trial, nearly a year later, she could not use her arm and was then still suffering with it. Before the accident she was strong and able to do all of her housework and the milking, but she was not able to do so at the time of the trial. Her testimony is corroborated by a neighbor. Her physician testified that she had fractured the radius or big bone in the arm and that the styloid process or small bone was

broken off. There had been a good union of the joint, said he, but the adhesions weaken it and cause a stiffness of the hand which cannot be closed. He pronounced the condition a permanent one because of her age. Three other doctors testified to the same effect as to her present condition. The mayor of the city, who is a practicing physician, examined the plaintiff and testified to the character of injury suffered, but expressed the opinion that the use of the hand and arm and proper treatment by Mrs. Spears for perhaps ten or eighteen months would improve the condition. Another witness introduced by the defendant testified that he had an arm broken in the same way about twenty years before, and it was still hurting him. However, he said he could use that hand as well as he could the other one. Then it was developed that his other arm had been broken in exactly the same way!

Concerning a contention of excessive damages for a broken leg, we said in City of Paducah v. Konkle. 236 Ky. 582, 33 S. W. (2d) 608, 609:

"The courts endeavor to define the measure of damages with some precision, but the application of the rule or definition must be left to the jury. Those twelve men, chosen with care as being fair and competent, are regarded as qualified to estimate the amount of compensation, and under the law their finding is to be accepted. It is only where the amount awarded appears to the judicial mind at first blush or impression to be so extravagant as to have been superinduced by passion or prejudice that it will be considered as excessive. In the recent case of Nussbaum v. Caskey, 235 Ky. 640, 32 S. W. (2d) 18, the attitude of the court towards the verdict of a jury in this respect is fully stated and the reasons therefor clearly given."

In City of Louisville v. Dahl, supra, the plaintiff had suffered an injury very similar to that of the appellee, and a verdict for $2,000 was sustained. Another injury of this character was sustained, but with a better recovery, in Wynn Coal Company v. Lindsey, 230 Ky. 53, 18 S. W. (2d) 864, and $1,200 was held not excessive. Many other cases might be cited as authority for denying appellant's claim on this point. Note especially Covington & Cincinnati Bridge Company v. Smith, 89 S. W.

674, 28 Ky. Law Rep. 529; South Covington & Cincinnati Street Railway v. Cahill, 151 Ky. 679, 152 S. W. 792; Houston, Stanwood & Gamble Company v. Smith, 166 Ky. 74, 178 S. W. 1145; City of Dayton v. Lorry, 169 Ky. 94, 183 S. W. 252.

Perceiving no error, the judgment is affirmed.