## Criswell v. City of Jackson.

(Decided Nov. 27, 1934.)

WILLIAMS & ALLEN and HENRY L. SPENCER for appellant.

GRANNIS BACH and M. H. HOLLIDAY for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

C. E. Criswell, in company with his eleven year old son, on the night of August 9, 1931, was walking on Main street in the city of Jackson, Ky., a city of the fourth class. On the side of the street next to the property of Dr. J. S. Redwine, there was a pile of rocks extending out into the traveled portion of the street a distance of from six to ten feet. At the time Criswell was walking on the side of the street opposite the pile of rocks, George Morgan, on the way from Indiana to the home of his mother in Powell county, Ky., approached, traveling in a truck. The witnesses disagree as to the rate of the speed of the truck—varying from 15 to 50 miles an hour at the time it approached the pile of rocks. It is undisputed that when the truck reached the rocks, it ran onto, and over, them, and deflected in the direction of Criswel, knocking him down and over against the side of a building. At that time

there was no light, guard, or other instrumentality warning the traveling public of the presence of the pile of rocks in the street. The action of the truck running into the pile of rocks, over the same, and across the street and knocking down Criswell, is not controverted. Criswell's leg was thereby broken, his hip injured, his skull fractured, and his body badly bruised. He was so injured about 9 o'clock on Sunday night, and regained consciousness Thursday morning. He remained in the hospital six weeks, when he returned to Arch Cope's residence, where he was confined four months, bedfast; then he was carried to the hospital at Louisville, Ky., where he remained six weeks and again returned to Cope's residence. His left leg is two and a half inches shorter than his right; an ulcer has developed on his hip, a deformity and stiffness of the left leg; his power to labor has been reduced 75 per cent. or 80 per cent. by reason of his injuries which the doctors declare are permanent. He brought this action to recover of the city of Jackson damages for the mental and physical pain endured, and the diminution of his power to earn money.

The city, defending, traversed the petition and admitted Main street was a public thoroughfare of the city; but charged that Criswell's injuries were due solely to the negligence and carelessness of the driver of the truck. It also charged that Dr. Redwine, without its knowledge and consent, placed the pile of rocks in the edge of the street, adjoining his property, but that the same in no way interfered with traffic. The allegations of the answer were controverted by a reply.

On a trial before a jury, a verdict was returned in favor of the city.

The rocks had been piled in the street two or three months before Criswell sustained his injuries. Property owners in that vicinity had complained of their presence in the street to the chief of police of the city, who admitted in his testimony he had knowledge of the pile of rocks in the street two or three months before Criswell was injured.

The evidence establishes beyond question, cavil, and doubt that Criswell's injuries were the direct and proximate result of the truck running into, against, and over the pile of rocks out in the traveled portion of Main street, and that they had been in the street a reasonably

sufficient time to charge the city with notice thereof even though it had not been shown that the chief of police had actual knowledge of their presence in the street. Also, it is shown without contradiction that it was a part of the duty of the chief of police to keep the streets of the city free of such obstructions and that he was paid by the city for such services.

In the city's brief, it is stated:

"In the case at bar the city had permitted a pile of stone to remain for 29 days on the side of a street that was little used by the public. * * * There remained 26 feet of street at this point, which was ample for the use of the public. * * * It had provided at this point a street which was ample and safe for all its ordinary and usual uses."

Such argument neither excuses nor justifies the city for its permitting the rocks to be in the street.

Both pedestrians and operators of vehicles, when using a street, are authorized to assume that every part of it is in a reasonably safe condition for use, in the absence of warning indicating it was in an unsafe condition. City of Paintsville v. Spears, 242 Ky. 762, 47 S. W. (2d) 727; Cecil v. Oertel Co., 239 Ky. 825, 40 S. W. (2d) 328; Louisville R. Co. v. Jackey, 237 Ky. 125, 35 S. W. (2d) 28; City of Paducah v. Konkle, 236 Ky. 582, 33 S. W. (2d) 608; City of Louisville v. Flanders, 225 Ky. 41, 7 S. W. (2d) 514; Eagan v. City of Covington, 166 Ky. 825, 179 S. W. 1026.

It is to be presumed that pedestrians and motor vehicles may be expected on public thoroughfares of a city the class of Jackson, and it is its duty to maintain its streets in a reasonably safe condition for that character of travel (Tudor v. City of Louisville, 172 Ky. 429, 189 S. W. 456; Bruce's Adm'x v. Callahan, 185 Ky. 1, 213 S. W. 557); and it must take notice of the different classes of vehicles and people that use its streets and they must be maintained for use by these several classes. Gnau v. Ackerman, 166 Ky. 258, 179 S. W. 217. A pile of rocks in the street of the character of that described by the evidence with actual knowledge thereof on the part of the chief of police, a part of whose duty was to superintend the streets and keep them free of obstructions, rendered the city liable in damages to persons using the street and injured as the proximate

result of the presence of the pile of rocks in the street. Bickel Asphalt Paving Co. v. Yeager, 176 Ky. 712, 197 S. W. 417; City of Paducah v. Konkle, supra; Eagan v. City of Covington, supra; City of Henderson v. Burke, 44 S. W. 422, 19 Ky. Law Rep. 1781 (pipe laying in the street); American Dist. Tel. Co. & City of Louisville v. Oldham, 148 Ky. 320, 146 S. W. 764, Ann. Cas. 1913E, 376 (telephone pole); City of Carlisle v. Campbell, 151 Ky. 279, 151 S. W. 673 (pile of rock placed in the main street of the city by property owner for building purposes); Gnau v. Ackerman, supra (building material in street placed by property owner); City of Covington v. Bollwinkle (Ky.) 121 S. W. 664 (dangerous gutter and catch-basin); Farley v. Lexington Roller Mills Co., 245 Ky. 723, 54 S. W. (2d) 8 (loading platform extending into street); Louisville Taxicab & T. Co. v. Reno, 237 Ky. 452, 35 S. W. (2d) 902 (taxicab parked in street, struck by street car, and injured a pedestrian).

"It is a well-established rule that, if the injury inflicted is produced by two or more wrongdoers, an action may be maintained by the person so injured either against one or against all of them. The liability of the wrongdoer is joint and several. The injured person may elect whether he will proceed against one or all of them. While several may be guilty of several distinct negligent acts, yet, if their concurrent effect is to produce an actionable injury, they are all liable therefor. The action, properly speaking, is not to recover for the negligent act or acts, but it is to recover damages for the injury which they produced. See Pugh v. C. & O. Ry. Co., 101 Ky. 77, 39 S. W. 695 [19 Ky. Law Rep. 149], 72 Am. St. Rep. 392."

Clinger's Adm'x v. C. & O. Ry Co., 128 Ky. 736, 109 S. W. 315, 316, 33 Ky. Law Rep. 86, 15 L. R. A. (N. S.) 998. The independent causes concurring or contributing to the action which causes the injury, which could not result from either alone, are the "proximate causes" thereof, and the parties responsible for such concurring and contributing causes are severally and jointly liable for injuries so sustained. American Stone Ballast Co. v. Marshall's Adm'r, 206 Ky. 133, 266 S. W. 1051, and cases cited; Standard Sanitary Mfg. Co. v. Brian's Adm'r, 224 Ky. 419, 6 S. W. (2d) 491; Matlack v. Sea, 144 Ky. 749, 139 S. W. 930.

In the last-cited case, two automobiles collided and injured a third person; both were at fault; we held that each was liable to the third person. It is abundantly established that Criswell's injury was the product of the joint or concurrent negligence of the city and Morgan, and it is very apparent that the city was not entitled to rely on the negligence of Morgan, or on the fact that Main street was infrequently used by motor vehicles, or there was ample space for the truck without running onto or over the pile of rocks.

The greater portion of the evidence in behalf of the city was directed to these questions and to the question whether the chief of police notified the city council while it was in session of the request of the property owners to remove from Main street the rocks which caused Morgan's truck to run over and against Criswell and injure him. The whole of the testimony heard by the jury in behalf of the city established neither an excuse nor justification of its negligently permitting or suffering the pile of rocks to be and remain out in the traveled portion of the street; nor did the facts established constitute a defense to his action, or a mitigation of his damages. There was no objection to this irrelevant testimony, and doubtless it led the jury to believe that the facts it established were the proximate cause of Criswell's injuries.

Whether the chief of police reported to the city council or its members, his information of the presence of the rocks in the street, was entirely immaterial, for if they had been in the street a sufficient length of time in which it, by and through its officers in charge of the street, could have known by the exercise of ordinary care of their presence in the street, such was notice in law to the city. City of Louisville v. Romer, 97 S. W. 348, 29 Ky. Law Rep. 1301; City of Henderson v. Reed, 62 S. W. 1039, 23 Ky. Law Rep. 463; City of Covington v. Diehl, 59 S. W. 492, 22 Ky. Law Rep. 955; City of Covington v. Asman, 113 Ky. 608, 68 S. W. 646, 24 Ky. Law Rep. 415.

The city urges that it was, and is, not an insurer of the safety of travelers on its streets, and that it was only its duty to exercise ordinary care to maintain its streets in a reasonably safe condition for the use of the public. The correctness of these principles is not disputed. They have no application to the facts developed.

It should be apparent that it is our view that the verdict of the jury is clearly and palpably against the weight of the evidence and for this reason a reversal is proper.

Wherefore, the judgment is reversed, with directions to award Criswell a new trial and for proceedings consistent with this opinion.