## Lee Lewis, Incorporated v. Dosch.

(Decided December 6, 1921.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Trial—Directing Verdict.—The trial court properly overruled the motion for a directed verdict where no reasonable ground appeared to support it.

2. Municipal Corporations—Motor Vehicles—Action for Damages Resulting from Collision in Street.—In an action for damages resulting from the collision of an automobile with a motor delivery truck, pictures of the injured automobile were competent to go to the jury in evidence if they were correct representations of the part of the car they purported to be.

3. Municipal Corporations—Action for Damages Resulting from Collision in Street—Instructions.—Where the failure of the operator of the truck to obey the law was primarily responsible for the accident, the court did not err in instructing the jury that if the rate in going around a curve or corner exceeds eight miles an hour, such rate shall be prima facie evidence that the rate of speed of the car is greater than is reasonable.

DUFFIN, VANCE and DUFFIN for appellant.

W. M. DUFFY and W. A. PERRY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellee Dosch seeks to recover damages of Lee Lewis, Inc., for an injury which was caused by the collision of a large truck belonging to the incorporation with the automobile of appellee Dosch on Oak street near the intersection of Floyd street in the city of Louisville in 1919. Appellee Dosch was driving westward on Oak street and the truck was traveling eastward on the same street, both approaching the intersection of said street

with Floyd street. The truck was on the proper or south side of Oak street as it approached the intersection, while the car was on the other or north side of the street. A large building stands on the southwest corner of the intersection of the two streets and obstructs the view of chauffeurs as they approach the intersection. Just as the truck was coming up to Floyd street the chauffeur thereon suddenly discovered an automobile traveling north at a rapid rate on Floyd street approaching said intersection. A collision appeared imminent, to avoid which the chauffeur on the truck, then in the intersection, tried to turn his car north on Floyd and thus allow the approaching automobile to turn east on Oak. The space was so short and the turn so abrupt that the truck could not make its way around the corner into Floyd. Discovering this the chauffeur on the truck allowed it to go east on Oak, but next to the north side of the street at the curb, which was the wrong side of the street for a vehicle traveling east. The automobile which had caused the swerving of the truck had passed around the corner into Oak street and in doing so had swung out so far toward the center of the street as to cause appellee Dosch, who was just then approaching on Floyd, to pull his car next to the curb on the north side of Oak street. Here it was struck by the truck going east and badly damaged and plaintiff Dosch also sustained injuries to his person. It is admitted that appellee Dosch was not to blame for the accident, for he was driving at a very slow rate on that side of the street, which by the law of the road he was entitled to travel.

A trial resulted in a verdict and judgment for $1,350.00 in favor of appellee Dosch. Being dissatisfied with this the appellant, Lee Lewis, Inc., brings the case here for review.

As ground for reversal of the judgment appellant urges: (1) That the trial court erred in overruling its motion for a directed verdict in its favor. (2) In refusing to allow appellant to impeach one of the witnesses for appellee. (3) In allowing the plaintiff to introduce three photographs of the alleged injured car without proper identification of the photographs. (4) The trial court erroneously instructed the jury as to the law of the case.

1. As we can find no reasonable ground upon which the trial court could have peremptorily instructed the

jury to find for the defendant and as appellant points out no such ground we conclude the trial court properly overruled the motion for a directed verdict, made both at the conclusion of the evidence for the plaintiff and at the conclusion of all the evidence.

2.   Appellee Dosch introduced a witness named Cohen, who testified to material facts for the plaintiff. The defendant offered to impeach this witness by showing that he had been indicted by the Federal grand jury for taking property from the Federal government and had pleaded guilty to the charge and was convicted and sentenced by the Federal court to serve a term of seven months in the Jefferson county jail.   Only such offenses named in the statute as are punishable by death or confinement in the penitentiary are felonies; all others are misdemeanors.   Kentucky Statutes, section 1127.   A witness may be impeached by the adverse party in several different ways indicated in section 597 of the Civil Code, one of which is by showing that the witness has been convicted of a felony.   A conviction of a misdemeanor cannot be shown in impeachment of a witness.   Wells v. The Commonwealth, 30 R. 504.   While the crime charged against Cohen in the Federal court may have been a felony he was convicted of a misdemeanor, or at least his punishment was fixed at confinement in the county jail, and our statute specifically declares that an offense for which the punishment is less than death or confinement in a penitentiary is a misdemeanor.   The trial court, therefore, properly refused to allow appellant to introduce evidence showing that Cohen had been convicted of an offense in a Federal court, the punishment of which was confinement in the county jail, as impeachment of said witness.

3.   Immediately after the accident to the automobile, appellee Dosch had three photographs made of the front end of his machine, showing a hole in the radiator and in part the wrecked condition of the car.   On the trial he offered these photographs in evidence.   In doing so his counsel asked this question:

"I will ask you to look at these pictures and ask if those photographs are correct representations of your car immediately after the injury?"

To which the witness replied:

"Well, that is the way the front end of the machine looks, but that does not show where the motor is shoved back underneath the dashboard or all the damage where

the body is twisted and bent, all the metal out of shape, does not show that, shows a plain view of the front end of the machine, does not show the damage done to the rest of the car.'"

It is insisted by appellant that the court should not have allowed the photographs to go to the jury until they were thoroughly identified as pictures of the car and it was proven that the photographs represented the entire damage to the car. With this insistence we cannot agree. While the photographs must be identified and must be a fair representation of the object pictured, they are not and cannot in the nature of things be a complete representation of every detail of an injury to an automobile as in this case. A front ocular inspection of the car after the wreck would not have disclosed to the natural eye all of the injury to the automobile. If the pictures were correct representations of the front part of the car, which they purported to be, they were competent to go to the jury even though there were other details of the injury not shown in the pictures. Either of the pictures introduced gives to the mind a better understanding of the actual condition of the front end of the damaged automobile than any word picture given by any of the witnesses. The court did not err in allowing the jury to consider the photographs as evidence.

4.  In instructing the jury on the law of the case, the court, among other things, said: "If you believe from the evidence that the defendant's chauffeur's view of the road traffic was obstructed at the intersection it was his duty not to cross same at no greater rate of speed than eight miles an hour, and if you believe from the evidence in this case that he failed in said duties, or any one or more of them, and thereby caused his truck to collide with the Buick car which the plaintiff was driving and the said car was injured or damaged or the plaintiff himself was injured, the law of the case is for the plaintiff and you should so find." It is insisted by the appellant that as the collision and injury to appellee's car did not happen exactly on the crossing, but the accident occurred some twenty to forty feet east of the intersection of the streets, subsection 9 of section 2739, Kentucky Statutes, under which the foregoing instruction was drafted, has no application to the case and the court erred to the great prejudice of appellant in so instruct-

ing the jury. That section of the statutes, in so far as relevant, reads:

"If the rate of speed of a motor vehicle or motor bicycle operated on a public highway in this state in going around the corner, curve or crossing in a highway, where the operator's view of the road traffic is obstructed, exceed eight (8) miles an hour, such rate of speed shall be *prima facie* evidence that the person operating such motor vehicle or motor bicycle is running at a rate of speed greater than is reasonable, having due regard to the traffic and use of the way or so as to endanger the life or injure the property of any person."

It is insisted by appellant that the statute does not apply to an intersection or crossing like the one at Oak and Floyd streets in the city of Louisville, but only applied in cases where the car is going around a corner, going around a curve or going *around* a *crossing* in a highway where the operator's view of the road traffic is obstructed. We think, however, that the statute has application to just the situation we have here, as well as to many other situations at an intersection where the view of the operator of the car is obstructed. It should be read:

In going around a corner, in going around a curve or in going over or across a highway or street intersection where the operator's view of the road traffic is obstructed. When so read the operator is required to reduce his speed to not exceeding eight miles per hour while crossing an intersection or a street where his view is obstructed, either as in this case or in any case where he cannot see an approaching car to the intersection. The operator of the truck admits that he could not see the car approaching on Floyd street until the truck had reached the intersection and that he was two-thirds across the intersection before he began to veer the course of his truck north to avoid a collision with the car traveling north on Floyd street. The evidence fairly establishes that the truck as it approached and entered the intersection of Floyd street was traveling at the rate of twelve to twenty miles per hour. Indisputably it was going at such a rapid speed that the operator could not turn it north on Floyd street but was compelled to turn it to the north side of Oak street and allow it to travel east on said street until it struck and injured the plain-

tiff's automobile. Had the operator of the truck complied with the law requiring him to reduce the rate of speed of his truck to eight miles per hour on approaching a street intersection he could have controlled his truck and after he entered the intersection have brought it to a full stop before striking the automobile on the east side of the intersection. In other words, the failure of the operator of the truck to obey the law was primarily responsible for the accident, which occurred fifty to ninety feet away from the west side of the intersection. We conclude, therefore, that the trial court did not err in instructing the jury as quoted above.

Judgment affirmed.