## Oder v. Commonwealth

(Decided June 13, 1922.)

### Appeal from Kenton Circuit Court.

1. Larceny—Circumstantial Evidence.—A defendant may be convicted of the crime of grand larceny on circumstantial evidence alone.

2. Criminal Law—Accomplices—Corroboration.—The evidence of an accomplice is not incompetent, but unless corroborated by other evidence is insufficient to sustain a conviction.

3. Criminal Law—Accomplices.—Although one may be jointly indicted with the defendant he is not an accomplice unless the evidence proves him to be such.

JOHN T. MURPHY for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and ORIE S. WARE, Commonwealth Attorney, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant Oder and one Terlau were jointly indicted in the Kenton circuit court for the crime of grand larceny, committed by taking and appropriating a five-passenger Buick automobile, of the value of $850.00, the property of A. W. Corn, of Covington, Kentucky. A separate trial being demanded, Oder was tried and convicted at the March term, 1922, and given a term of two years in the state penitentiary. He appeals.

His motion for a new trial contained the following alleged grounds:

(1) The court erred in overruling his motion for an instructed verdict to find for appellant, at the conclusion of the case for the Commonwealth, and at the conclusion of the whole case.

(2) The court erred in admitting, over the objection of appellant, incompetent testimony offered by the Commonwealth, to his prejudice.

(3)  The court erred in instructing the jury.

(4)  Because the verdict is flagrantly against the weight of the evidence.

(5)  Because the court admitted, over the objection of appellant, the uncorroborated testimony of accomplices.

The evidence is largely circumstantial.  On the night of July 29, 1920, the Buick car, which was stored in a garage in the town of Erlanger, was stolen from its owner, A. W. Corn.  The garage was locked.  On opening the door the next morning it was found the hasp had been drawn and broken and the door opened.  It was some time before the owner could locate his car, but in searching for it he learned that it was in Lexington and was claimed by one Rosenbaum, who was a clerk in a store in that town.  Rosenbaum claimed to have purchased the car of Max Goodman, of Cincinnati, Ohio. Goodman, however, stoutly denied that he had sold the car to Rosenbaum, and testified at the trial that appellant Oder and one Terlau had the car in possession in Cincinnati, claiming it as their property.  It was located in an old barn on the outskirts of the city of Cincinnati.  They wanted to sell it and had approached Goodman, who was a merchant in Cincinnati, and asked him to help them find a purchaser for the car, and proposed to pay him a commission on the sale if he accomplished it.  Pursuant to this arrangement Goodman made an effort to find a purchaser for the car and finally located and interested Rosenbaum, who thereafter went with Goodman to look at the car in the barn, and saw there appellant Oder and Terlau, and other persons.  After discussing the matter with Goodman, who was spokesman for the owner, having found the purchaser, Rosenbaum offered to give $700.00 for the Buick car, and Oder and his companions were to bring the car to a saloon at a certain street corner in the city of Covington, at which place Rosenbaum was to meet them with the money to pay for the car.  It is further proven that a certain accessory to the Buick car had been removed from it and was found upon a car owned and controlled by Oder and one of his associates.  At the trial appellant Oder did not testify.

On this evidence the jury found him guilty, and we are not prepared to say that the evidence is not amply sufficient to warrant such a verdict and to sustain it.

Appellant Oder complains that several of the witnesses were, according to the contention of the Common-

wealth, accessories before the fact, and therefore incompetent to testify against him, or at least their evidence uncorroborated would be insufficient to support a verdict of guilty.

It must be remembered that Terlau was jointly indicted with appellant, but unless he was an accessory before the fact his evidence does not come within the rule laid down in section 241, Criminal Code, which forbids the conviction of a defendant upon the uncorroborated evidence of an accessory or accessories.

Counsel for appellant earnestly insists that the instruction on that subject was erroneous in that it used the word "accomplice" where it should have employed the word "accomplices," because there were more than one accomplice according to his contention. This, however, was not such an error as could have misled the jury or otherwise prejudicially affected appellant's rights.

We have carefully examined the instructions given by the trial judge and we can find no error in them, at least none prejudicial to the substantial rights of appellant. The jury was directed by the court to find appellant guilty if it believed from the evidence beyond a reasonable doubt that he, in Kenton county, Kentucky, and before the finding of the indictment, did wilfully and feloniously take, steal and carry away the automobile described in the indictment and proof, with the fraudulent intent to then and there convert the same to his own use and to permanently deprive the owner of his property therein. By the second instruction the jury was told it could not find a verdict of guilty against appellant on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the crime, and that the corroboration is not sufficient if it merely shows the offense was committed and the circumstances thereof. The jury was further told by the court that unless they believed from the evidence beyond a reasonable doubt that the defendant had been proven guilty, they must acquit him. It will thus be seen that the trial court properly submitted the case to the jury and there was no error in the instructions prejudicial to the rights of appellant.

Nor can appellant successfully maintain his alleged charge that the verdict is flagrantly against the weight of the evidence. While there is no direct evidence that appellant Oder stole the automobile, there is an abundance of circumstantial evidence pointing to his guilt.

We have written in a number of cases that one may be convicted of the crime of grand larceny upon circumstantial evidence alone. Indeed we often find that circumstantial is stronger than direct evidence presented in a case, not only of this kind, but in other criminal as well as civil cases.

The last point is that the court allowed the uncorroborated evidence of accomplices to be introduced. It will be noted that the Criminal Code provision, section 241, does not exclude such evidence from the jury, but it merely provides that the court shall instruct the jury that a conviction cannot be had upon the evidence of accomplices alone. This conviction was based, no doubt, partly on the evidence of accomplices but largely upon other evidence which strongly tends to prove the guilt of appellant and to corroborate the evidence of the accomplices.

It reasonably appears the defendant had a fair trial. We can find no substantial error to his prejudice.

Judgment affirmed.