## Louisville & Nashville Railroad Company v. Wright.

(Decided May 29, 1923.)

### Appeal from Henry Circuit Court.

1. Master and Servant—Railroad Required to Repair Crossing Only After Notice of Defect.—A railroad company is not negligent in failing to maintain a crossing over its tracks at a station used by its own employees in reasonably safe repair for travel, until after it has notice of the defect in the crossing, or after the defect has existed for such a time that the railroad will be presumed to have had such notice.

2. Master and Servant—Railroad Held Not Chargeable with Notice of Defect in Crossing.—In an action for injuries to a railroad station agent, which he claimed resulted from a depression in a cinder crossing of the tracks at the station, which depression neither he nor any of his witnesses had observed before the accident, there was no proof of negligence on the part of the railroad company in failing to maintain a safe place for work, because there was no evidence it had knowledge of the defect or that it had existed long enough for its knowledge to be presumed.

BENJAMIN D. WARFIELD and W. B. MOODY for appellant.

HAMILTON & POLSGROVE and W. O. JACKSON for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

Appellee in April, 1920, had been the station agent of appellant at Pendleton, a station on its line from Louisville to Cincinnati, for thirty-two years.

At that place there is a sidetrack between the station and the main track, and appellant's duties required him to deliver and receive express and mail from trains passing on the main track, and in doing so he had to cross the sidetrack. He used a truck in making such deliveries and at the place where he crossed with the truck there was a crossing made of cinders. The truck had a tongue by which it could be pushed or pulled, and from the platform of the station down to the sidetrack was some little decline, which necessitated the holding back of the truck in going down, but the sidetrack itself was on comparatively level ground.

On the 26th of April, 1920, as a train was approaching the station, he took hold of the tongue or handhold of the truck and started from the station platform across the sidetrack to deliver the express to the train. There were five or six cans of milk and a sack or two of mail on the truck. He took hold of the tongue, or an iron handhold at the end of it, and a negro who was assisting him was at the rear of the truck holding back as they went down the decline. The truck crossed the first rail of the sidetrack safely, but just before it got to the second rail one of the wheels of the truck went into a rut or hole and thence against the rail, and the jolt or jar caused the tongue to swerve or swing and knock appellee down and injure him.

In this action for damages because of his injuries the negligence relied on is the dangerous and unsafe condition of the crossing, which condition is alleged to have been known to the defendant and unknown to the plaintiff.

The plaintiff's own evidence shows that the hole or rut into which the truck wheel went was the next day after the accident from four to six inches deep, while the evidence of other witnesses shows it to have been after the accident from two to three inches deep; but no witness in the case states that he had seen the hole or rut in the sidetrack at any time before the injury. The plaintiff himself, although he had theretofore used that crossing on that same day, states that he had not observed it and did not at the time of the injury. No witness in the case on either side claims to have noticed or observed before the injury any hole or rut, or other defect, in the crossing, but several of them state that they examined it after the accident and that there was a small depression at that point from two to three inches deep, making the rail set

up that high above the depression. It is shown in the evidence that it is necessary at such crossings for the cinders or other filling to be from an inch to an inch and a half below the rail so that the flanges of the car wheels in passing it may do so in safety.

The evidence shows that after heavy rains the cinders at that crossing would sometimes be washed out and there would appear holes or depressions therein.

It is the duty of a railroad company to maintain its crossings where the public or its own employes use the same in reasonably safe condition for travel, and the failure to do so is negligence; but the negligence grows out of the failure to maintain the crossing in reasonably safe repair for travel after the defendant has notice thereof, or after the defect has existed for such a time that it will be presumed to have had such notice.

The evidence in this case wholly fails to show by any witness that before this injury any defect was discovered in that crossing; it fails to show that such defect was there a day before, or even an hour before the injury, and consequently no such state of case is presented as will impute to the appellant notice of the defect complained of. The evidence shows that wagons going to and from the freight house sometimes cut holes or depressions in the cinders of this crossing, and it further shows that after heavy rains the cinders were sometimes washed out and left such depressions; but there is nothing in the evidence to show that either of these things had happened on the day of this injury or within a few days theretofore. Appellee himself states that he had not observed any defect in the crossing until after his injury, and every witness in the case says the same thing in substance.

Then if it was necessary for the company to have notice of this defect, or for the defect to have existed for such a length of time as that notice will be imputed to it, it cannot be said that any negligence upon its part is shown in not repairing the same, when the parties who used that crossing most had never observed any such defect.

It would be unreasonable to say that a railroad company had notice of, or will be presumed to have notice of, a defect in a crossing, when the persons most using that crossing had never discovered the defect until after an injury has occurred.

There is no question here of a hidden defect, or one that could not have been discovered by casual observation, and we are unwilling to say under the facts there was negligence.

It is not negligence in a railroad company having no notice of a defect in a crossing, to fail to repair same, unless the condition has existed so long that notice will be presumed.

The very negligence complained of is the failure to repair a defective crossing of which defendant had notice, and every fact and circumstance in evidence shows not only that it had no notice, but that the alleged defect had not been in existence long enough to impute notice to it.

It has been held by this court that in an action by a servant against the master to recover damages for personal injury because of defective machinery or premises or materials, the plaintiff must allege and prove the danger or defect was known to the defendant or could have been known by the exercise of ordinary care, and not to the plaintiff.  Bogenschutz v. Smith, 84 Ky. 330.

The very essence of the negligence consists in failure to repair after notice or after such time as notice will be presumed.  Elliott on Railroads, volume 3, section 1176; Mann v. Railroad Company, 86 Mo. 347.

It results from what we have said that no negligence was shown, and the directed verdict asked for should have been given.

The judgment is reversed with directions to grant appellant a new trial and for further proceedings consistent herewith.