# Louisville Railway Company v. Jackey.

# City of Louisville v. Same.

(Decided December 19, 1930.)

(As Modified on Rehearing February 27, 1931.)

PETER, LEE, TABB, KRIEGER & HEYBURN and HOWARD B. LEE for appellant in first case.

BECKHAM OVERSTREET and CHARLES T. RAY for appellee in first case.

W. J. GOODWIN and PETER, LEE, TABB, KRIEGER & HEYBURN for appellant in second case.

BECKHAM OVERSTREET, CHARLES T. RAY and GEORGE C. BURTON for appellee in second case.

Opinion of the Court by Drury, Commissioner—
Reversing.

Isabella Jackey recovered a judgment against the Louisville Railway Company for $3,000 and against the city of Louisville for $2,000 for injuries which she alleges she received in a fall resulting from stepping in a hole in the sidewalk and tripping over a rail on the north side of Walnut street, where it is crossed by a track, belonging to the Louisville Railway Company, near Twenty-Eighth street.

The appellants made two defenses. One was that she did not step in a hole as she alleged because there was none there, and that her fall was the result of slipping on some ice on this pavement at some distance from the railway track in question; the other was that, if there was such a hole in the pavement as she alleged and she did step therein, trip, and fall, such misfortune was the result solely of her own failure to use ordinary care to avoid it.

The court gave the jury this instruction:

"It was the duty of the defendants, City of Louisville and Louisville Railway Company, to use ordinary care to keep the sidewalk or pavement on the north side of Walnut street between 27th and 28th streets in said City at the place referred to in the evidence in this case, in a reasonably safe condition for use by pedestrians, and if you believe from the evidence that at the time mentioned in the evidence said sidewalk was not in a reasonably safe condition for use by pedestrians but was in an unsafe condition by reason of a hole in the sidewalk, and the defendants or either of them knew or by the exercise of ordinary care could have known of the existence of said hole in time to have repaired it, and that plaintiff stepped into said hole and was caused thereby to fall upon said sidewalk and receive the injuries of which she complains, then the law of this case is for the plaintiff as against the defendants or either of them that knew or by the exercise of ordinary care could have known of the existence of said hole, and you should so find.

"If you find that either of the defendants did not know of the existence of said hole in said sidewalk, or by the exercise of ordinary care could not

have so known, then the law as to such defendant is in its favor and the jury should so find.''

The first part of this instruction tells the jury what shall be its finding if it believes the evidence for the plaintiff, but does not submit the converse thereof. In view of the latter part of the instruction and those respects there set out under which a verdict might be denied plaintiff, against one or the other of the defendants, the jury could easily have been misled and induced to believe, and perhaps did believe, those were the only respects under which the plaintiff could be denied a recovery. It has long been the settled rule that both the plaintiff and the defendant have the right to have their side of the case properly presented to the jury. Louisville & N. R. Co. v. King's Adm'r, 131 Ky. 347, 115 S. W. 196. Each party to the action is entitled to have his whole cause of action, or his whole defense, presented to the jury for their consideration. Tully v. Louisville & N. R. Co., 97 S. W. 417, 30 Ky. Law Rep. 87.

One of the defenses of these defendants is the things complained of by the plaintiff did not occur as alleged by her. They were entitled to have that issue submitted and, by failure to give the converse of this instruction, it was not submitted.

The plaintiff cites the case of Chesapeake & O. Ry. Co. v. Conley, 136 Ky. 601, 124 S. W. 861, where we affirmed a judgment, when the converse of the principal instruction had not been given, but there was not there as much that is liable to confuse the jury as there is here.

The jury may have concluded Mrs. Jackey fell not as result of stepping in the alleged hole, but slipped and fell on the icy pavement, and there was evidence she did so, yet there is nothing in the instructions to tell the jury what its findings should be if that was its conclusion. That is one reason it was so important the converse of this instruction should have been given. In Lynch v. Snead Architectural Iron Works, 132 Ky. 241, 116 S. W. 693, 21 L. R. A. (N. S.) 852, we said it is the duty of the jury to follow the instructions, right or wrong, and, when we look at this instruction in the light of that, we are compelled to hold that it was reversible error to not give the converse of this instruction. The appellee contends that it was the duty of the appellants if they were dissatisfied with this instruction, to have offered an instruction on this point. They did that very thing. See their offered instruction No. 2. Appellee's

128

counsel also realized the importance of this and offered instructions embodying this feature.

As to the care required to keep this sidewalk in a reasonably safe condition for use by pedestrians, the duty of the city extends to the whole of the sidewalk and every part of and place on it, while the duty of the railway company is confined solely to defects therein resulting from its servitude thereon. See City of Ashland v. Vansant-Kitchen Lumber Co., 213 Ky. 518, 281 S. W. 503. If this defect resulted from, existed at, or in whole or in part consisted of, the servitude maintained across this sidewalk by the railway company, then, if the railway company and the city knew or by exercise of ordinary care could have known of it long enough to have repaired it, both the railway company and the city are, or such one as had, or by the exercise of ordinary care could have had, timely notice thereof, is responsible therefor.

In view of the different aspects of this case, under which there may or may not be a liability upon the part of one or the other or both of these defendants, it will be better to set out in separate instructions those circumstances under which either or both of them may be liable, giving in each instance the converse thereof.

For the reason indicated the judgment is reversed, and all other questions are reserved.

The whole court sitting, with the exception of Judge DIETZMAN.