# Louisville & N. R. Co. v. Bell.

Jan. 24, 1939.

TRABUE, DOOLAN, HELM & HELM, JAMES P. HELM, JR., and ASHBY M. WARREN for appellant.

JULIUS LEIBSON and MARVIN GOLD for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

In preparation for elevating its railroad across East Broadway, in Louisville, the appellant moved the

crossing gates to protect a temporary track. One of the standards or a base of a gate was placed in an unpaved strip between the concrete sidewalk and the street curb on the north side of the street. An electric cable led underground from it for a few feet in this unpaved strip parallel with the sidewalk, then across the street to the control switch. After dark on the evening of August 3, 1936, the appellee, Mrs. Elizabeth Bell, and a gentleman escort, Wigge, started to cross from the north to the south side of Broadway at this point. According to their evidence Mrs. Bell caught her foot in the cable, which was exposed two or three inches above the surface of the ground and which caused her to fall and suffer certain injuries. She brought this suit for damages against the City of Louisville and the Railroad Company. A peremptory instruction was given as to the City and the question of insufficient lighting was not submitted as to the Company since there was no evidence to sustain that plea of negligence. The plaintiff recovered judgment for $1135 against the Railroad Company, which appeals.

The defendant presented no evidence. The plaintiff had introduced the crossing watchman and the Railroad Company's engineer or employee who had been in charge of the construction work in which the gates and their standards were erected. She also introduced a police officer and several other witnesses familiar with the location. By their cross examination the defendant developed that none of them had ever seen the cable exposed or in such condition that anyone could trip over it, as the plaintiff and her companion testified it was at the time of the accident. The engineer testified that when it was put in, about two months before, the wire was placed a foot or more under the surface of the ground, though not in a conduit, and that perhaps an inch or so may have been exposed close to or at the standard where the wire led into the ground. The crossing watchman insisted he was looking at the plaintiff and her companion as they came down the sidewalk and started across and that she did not trip or fall. An architect gave the opinion, in effect, that the cable and the wire had been put in improperly and in an unsafe manner.

When the plaintiff had fallen, upon the arrival of three or four persons immediately thereafter, Wigge explained in detail what had occurred and exhibited the cut places on the lady's legs. He showed the onlookers

the wire and how the accident happened. On each demonstration he seems to have pulled the wire farther out of the ground, so that by the time the last of these witnesses had appeared the wire was perhaps ten inches above the surface, and the testimonial qualification of all was established.

The court permitted the introduction of photographs of the situation taken three or four days after the accident. The appellant argues that this was prejudicial error because of the change in the condition, Ligon v. Allen, 157 Ky. 101, 162 S. W. 536, 51 L. R. A., N. S., 842. It was shown that the photographs were fair and accurate representations of the conditions in general, although it is manifest that the witnesses so identifying them did not have in mind the wire itself, which is shown therein to be well above the surface, for a number of them did not know where or how the wire was at the time of the accident, and at least one of them related that when he saw the wire that night it was not exposed to the extent shown in the photographs. We think it was pretty well developed before the jury that the wire as shown in the picture was not as it was just before the accident, and that perhaps some other minor or unimportant detail disturbances of the surface had occurred. Otherwise, the photographs as a representation of the general situation were doubtless as helpful to the jury as they have been to us in understanding the record. With such developments and explanation we think it was not error to admit them in evidence. City of Louisville v. Dahl, 170 Ky. 281, 185 S. W. 1127; Lee Lewis, Incorporated, v. Dosch, 193 Ky. 163, 235 S. W. 355; Cincinnati, N. O. & T. P. Railway Company v. Duvall, 263 Ky. 387, 92 S. W. (2d) 363.

The claim that the verdict is excessive is a substantial one, but in view of the necessity of reversing the judgment because of erroneous instructions we will pass this contention without further comment.

The duty of the Railroad Company to exercise ordinary care to have maintained this crossing and its approaches and gates with all their parts in a reasonably safe condition for the public is unquestioned. Louisville & Nashville Railroad Company v. Jackson's Adm'r, 243 Ky. 59, 47 S. W. (2d) 941. That duty may have been violated either through defective or improper construction or through a failure to remedy an unsafe condition aris-

ing after a proper and safe construction. It may have been through an act of commission or through an act of omission. If this accident was caused by the former, that is, by an originally defective or improper construction, the company could not be heard to say that it did not know of that unreasonably unsafe condition, hence it was not incumbent upon the plaintiff to show such knowledge, actual or imputed, in order to recover damages on that hypothesis. Louisville & I. Railroad Company v. Speckman, 169 Ky. 385, 183 S. W. 915; Tudor v. City of Louisville, 172 Ky. 429, 189 S. W. 456; City of Covington v. De Molay, 248 Ky. 814, 60 S. W. (2d) 123. If the accident occurred because the wire had become dangerously exposed afterward, the company could not be held liable for resulting injuries unless it had been shown that through its proper agents it knew of that defective condition, or by the exercise of ordinary care, such as its continued existence, it should have known of it. Louisville & Nashville Railroad Company v. Wright, 199 Ky. 422, 251 S. W. 188; Louisville Railway Company v. Jackey, 237 Ky. 125, 35 S. W. (2d) 28; Louisville & Nashville Railroad Company v. Jackson's Adm'r, supra; Cincinnati. N. O. & T. P. Railway Company v. Terry, 267 Ky. 707, 103 S. W. (2d) 65.

The instruction relating to the defendant's duties and the jury's belief as to their violation authorized a verdict for the plaintiff if the defendant had failed to construct or to maintain the wire cable in a reasonably safe condition. The first part of the instruction was so framed as to make the company liable for negligent maintenance without requiring that it must have known, or by the exercise of ordinary care should have known, that the wire had become exposed, or that the dangerous condition existed even though it had been originally constructed in a manner reasonably safe. Two other disjunctive clauses of the instruction did so require, and if this were all it could perhaps be said there was no prejudicial error. There was, we think, sufficient evidence of negligent construction to authorize a submission of the case on that hypothesis; but there was no evidence whatever to support the right to recover for negligent maintenance. No witness testified that the wire was exposed to any extent or was unreasonably unsafe before the accident which the plaintiff claims was caused by it. For aught that appears, the wire may have been pulled out of the ground by some mischievous

or curious person a moment before. The instruction was, therefore, erroneous in this particular.

Judgment reversed.

Whole Court sitting.