**STORY et al. v. BARNETT.**

Court of Appeals of Kentucky.

Feb. 16, 1951.

Rehearing Denied June 15, 1951.

Terrell, Schultzman & Moore, Paducah, for appellants.

Carroll Morrow, Madisonville, for appellee.

LATIMER, Justice.

On Halloween night 1948 Milton C. Barnett, an occupant of a car driven by Walter Smith, was killed when Smith's car collided with a truck operated by Robert T. Story. The collision took place on Highway 41 about one mile south of Nortonville. Barnett's administrator brought suit against Walter Smith, owner of the car, and N. L. Story and Robert T. Story, owners of the truck.

Upon trial of the cause the jury returned a verdict against the Storys in the sum of $8,000 and the judgment was entered thereon. The court dismissed plaintiff's petition against Smith. The Storys are appealing. Appellants have presented a number of propositions for reversal all of which, except one, go to the question of the sufficiency of the evidence to support the verdict.

It is additionally urged that the court erred in permitting a witness to testify in rebuttal, after having testified in chief, when the testimony in rebuttal did not refute any evidence offered by the defendants.

It appears that on the night of the tragedy, the decedent, Barnett and Walter Smith met at a roadhouse near Mannington, known as Tapp's Place; that Smith and Barnett consumed 3 or 4 bottles of beer over a period of about 2½ hours preceding the accident; that at about 10:30 Charles Oates, a young man who had met Smith and Barnett, left Tapp's Place and the three proceeded north on the highway a short distance to Nixons' Place, another tavern, where they remained about 10 minutes. It appears they had nothing more to drink at Nixons' Place although Barnett was still drinking a bottle of beer which he had obtained and carried away from Tapp's Place. After leaving Nixons' Place they proceeded north toward Nortonville. The three of them, Oates, Smith and Barnett, were sitting in the front seat. Smith was driving the car, and Oates was sitting between Smith and Barnett. There was a drizzling rain and visibility was poor. The Smith car was travelling between 30 and 35 miles per hour.

The record discloses that a car driven by Russell Faulk, accompanied by Richard Faulk and Coy Brooks, had overtaken and was following Smith. Russell Faulk stated that at a point near Mennington, Smith lost control of his car, and veered off to the right of the road and then back on the road, and that when he saw this he was afraid to pass the Smith car and continued following up to the place of the accident.

Faulk stated that he saw Smith's car run off the highway the second time. He stated that the right wheels went off on the right hand side and when Smith got his car back on the pavement, the rear end slid around across the center line and the car was sliding sideways down the road when struck by the oncoming truck and pushed back about 50 or 60 feet.

Coy Brooks, who was an occupant of the Faulk car, stated that when Smith tried to get back on the highway, the car skidded on the highway in front of the oncoming truck.

Story, the driver of the truck, had this version. He said that he had met three cars coming facing him from around the curve where the accident happened; that he pulled to the right as far as he could to give them plenty of room; and that from behind the third car there appeared the Smith car "sideways" in his lane and he hit it broadside.

Oates, who was in the Smith car, stated that it looked like the Story truck was on the Smith side of the road, that is on the truck's left hand side. He said it was "coming kind of catty-cornered". When asked at what point they collided, he said, "I don't know that. I think we were on our side of the road. I never did get to see the road." He said that when Smith got his car back on the highway, he did not go into a skid, and he did not slide to the left side of the highway. Smith told substantially the same story as Oates.

The further evidence relied upon by plaintiff was circumstantial. The Story truck was hauling a load of shelled corn. The theory of the plaintiff appears to be that Story, after passing the three cars mentioned by him above, possibly lost temporary control of his truck and the movements of the truck, during the time of lost control, and in the effort to regain control caused the shelled corn to spill on the highway. The testimony shows that this spilled corn commenced showing on the highway at about 100 feet from where the cars stopped after the accident. The scattered corn first appeared on the truck's right hand side of the road and ran to the left hand side of the road, indicating that Oates may have been correct in the statement that the truck seemed to be coming to its left and toward them.

▪ ■ Then there is the evidence of mud and glass, which no doubt would drop from the car and the truck at the point of collision, being found on the left hand side of the truck's road or in the Smith's line of traffic. There was no evidence of mud or glass on the truck's right hand side of the center line. There is the further circumstance that Barnett's body was laying beside the Smith car with one foot on the fender of the car. Appellants' theory is that he possibly fell out of the car after the truck and the car had come to a stand after the collision. Appellee says that it indicates the actual point of collision. It was the prerogative of the jury to weigh the facts.

■ We conclude that, under the above facts, the court properly submitted the cause to the jury.

■ The additional ground grows out of the testimony of Coyle Putman as given in rebuttal. In his testimony in chief Putman testified about the scattered corn on the highway. Nothing was said about the mud and glass. When called to testify in rebuttal, Putman testified that mud and glass were found on the truck's left hand side of the highway at or near where the truck and car stopped after the collision and that no mud or glass was found on the truck's right hand side.

It is contended by appellants that this served only to reproduce the same evidence as given in chief and did not refute any evidence offered by defendants.

However, it will be noted that appellants' evidence was to the effect that Smith's

car was crossways of the highway in the truck's line of traffic and after having been struck by the truck was pushed back 50 or 60 feet. Obviously the above tended to refute and contradict that testimony.

The judgment is affirmed.