## MARTIN v. COMMONWEALTH.

Court of Appeals of Kentucky.
June 12, 1953.

As Modified on Denial of Rehearing
Oct. 9, 1953.

R. Kent Sampson, Harlan, for appellant.

J. D. Buckman, Jr., Atty. Gen., and Zeb A. Stewart, Asst. Atty. Gen., for appellee.

SIMS, Chief Justice.

Sylvester Martin was convicted of grand larceny and sentenced to the penitentiary

for one year. Three grounds are urged for reversal of the judgment: 1. Appellant was not given a fair opportunity to present his side of the case at the trial; 2. the court erred in permitting the introduction of incompetent evidence by the Commonwealth and in refusing to permit appellant to introduce competent testimony; 3. the court erred in its instructions to the jury.

On January 24, 1952, appellant, Sylvester Martin, James Dawson and Henry Forman were arrested and charged with grand larceny for having stolen two 100-pound bags of sugar and two similar bags of flour from the Modern Bakery in Harlan. Officers apprehended them in appellant's car where the sugar and flour were found. The three men were jointly indicted and Dawson and Forman entered pleas of guilty and a jury fixed their punishment each at confinement in the penitentiary for two years. Appellant, Sylvester Martin, stood trial, was convicted and sentenced to one year in the penitentiary.

The proof for the Commonwealth showed that officers arrested the three men just as they pulled up to a house in appellant's car. The flour and sugar were found in the back of the car. Appellant contends he loaned his car to Forman, who with Dawson stole the flour and sugar without appellant's knowledge, and he did not know the stolen property was in the car when the three were arrested. He testified that he drove his car to Georgetown, a village in Harlan County, with Forman and Dawson accompanying him; that he got out at what is known as "The Hall" and let Forman and Dawson have his car. That approximately an hour and a half later they returned and picked him up. He stated he did not notice the flour and sugar when he got into the driver's seat of the car when it was returned to him. Dawson and Forman corroborated appellant. However, the facts and circumstances contradict appellant as the officers testified Dawson was sitting on a sack of sugar on the back seat when the arrest was made, while Martin says all three were riding on the front seat. The car was a 1941 Ford coach and it is difficult to understand how appellant could get into the driver's seat without seeing the stolen articles in the back seat of the vehicle. No contention is made that the evidence is insufficient to sustain his conviction.

Appellant argues he did not have a fair opportunity to present his side of the case because Forman and Dawson, who were brought from the penitentiary to testify for him, were sent back to prison by the judge before the completion of the trial, thereby depriving appellant of their testimony in rebuttal. In support of this argument, he cites Joseph v. Com., 1 S.W. 4, 8 Ky.Law Rep. 53, and Costigan v. Com., 12 S.W. 629, 11 Ky.Law Rep. 617. Both of these cases can be distinguished from the instant one. In the Joseph case a witness for him was present in the courtroom when the trial began and was sworn as a witness. Before she was called to the stand she left the courthouse and could not be found. Joseph moved the court to discharge the jury and continue the case. This the court refused to do and we reversed the judgment because Joseph was deprived of the testimony of this eyewitness.

The Costigan case is similar to the Joseph opinion, in that a witness for Costigan left the courthouse after being sworn and Costigan moved to discharge the jury and continue the case. The lower court overruled his motion and we reversed the judgment, saying that the testimony of the absent witness was material to the defense.

In the case at bar, appellant had the benefit of the testimony of Forman and Dawson and the record does not show for what purpose he wanted to recall them, hence he was not prejudiced by the court in refusing to retain the two witnesses. A very serious question would have been raised had he actually needed these witnesses in rebuttal and the trial judge took an unnecessary chance in ordering them returned to the penitentiary before the completion of the trial.

There is no merit in appellant's contention that the court erred in allowing incompetent testimony to be admitted and in rejecting competent testimony. Appellant complains photographs of the car containing the stolen articles admitted in evi-

dence were incompetent because they were not taken at the place of and immediately after the arrest of accused. These photographs were admitted to show the position of the flour and sugar in the car as seen by Officer Howard, who testified the pictures were made at the Police Barracks about an hour after the arrests. The first picture was taken without any change in the position of the articles in the car, while the second was taken with a sack of flour removed from the car. The pictures accurately represent the car and its contents at the time. of the arrest, with the exception that the second picture was made, as explained by the officer, with a sack of flour removed. We think the pictures were competent. 32 C.J.S., Evidence, § 715, page 623; Louisville & N. R. Co. v. Bell, 276 Ky. 778, 125 S.W.2d 239.

■ The evidence which appellant argues the court erred in excluding was the joint affidavit of the owners of the bakery that they did not desire the commonwealth attorney to prosecute the case against Martin. The court permitted this affidavit to be made a part of the record, but refused to let it be read to the jury or to let Mr. Ellison, one of the affiants, be interrogated as to it. Clearly, the court was correct in excluding the affidavit as it had no bearing on the guilt or innocence of accused but only expressed the desire of the owners of the property that he not be prosecuted.

■ The last contention of appellant, that the instructions are erroneous, is without merit. Only two instructions were given. The first followed the usual form covering the crime of grand larceny which has been approved by this court. Stanley's Instructions to Juries, § 925, p. 1227; Oder v. Com., 195 Ky. 651, 243 S.W. 877. The second instruction is in the ordinary form covering reasonable doubt.

The judgment is affirmed.