**J. M. MAHAFFEY et al., Appellants,**

v.

**James K. JONES et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 27, 1961.

Rehearing Denied May 5, 1961.

Calvert C. Little, London, for appellants.

Boyd F. Taylor, Hamm, Taylor & Milby, London, for appellees.

WADDILL, Commissioner.

This case involves substantial claims for damages allegedly sustained by the parties as a result of a head-on collision of an automobile operated by appellee James K. Jones with a station wagon driven by appellant Bessie Mahaffey.

The appeal is prosecuted from a judgment entered upon a verdict finding that the operator of each vehicle was negligent. In seeking a reversal of the judgment it is urged that the trial court erred in failing to direct a verdict against appellee Jones upon the issue of negligence.

The accident occurred on Highway No. 30 during the afternoon of July 11, 1958. The highway consisted of two traffic lanes, paved with asphalt. The station wagon was traveling eastward and the automobile was proceeding westward, otherwise the road was clear of traffic. Mrs. Mahaffey testified that she first saw the car driven by Jones when it was about 100 yards away. She stated that the automobile driven by Jones approached her in the east-bound traffic lane, and that Jones continued to drive on her side of the road until their vehicles collided. Mr. Mahaffey, who was a passenger in the station wagon, and another eye-witness to the collision who located herself about 200 feet from the scene of the wreck and upon the front porch of her home, corroborated Mrs. Mahaffey's version of the accident. A policeman, who arrived at the scene of the accident shortly after its occurrence, testi-

fied that the station wagon was in the east-bound traffic lane and that the front wheels of the Jones automobile were also in that lane of traffic. The officer testified further that there were skid marks on the pavement, traceable to the station wagon, for a distance of 52 feet west of the place of the collision. There was testimony that broken glass and other debris from the collision were in the east-bound traffic lane.

Contrary to testimony introduced in behalf of the Mahaffeys was the testimony of James K. Jones. He testified that the station wagon was being driven in the west-bound traffic lane as it approached his car, and that as the vehicles came closer together he steered his car sharply to his left-hand side of the road, and at that time the station wagon cut sharply to its right, which resulted in the vehicles colliding near the center of the highway. Certain photographs of the scene of the accident show skid marks in the west-bound traffic lane which were located west of the place of the accident.

It is a familiar rule that a motion for a directed verdict admits the truth of the evidence of the party against whom the motion is directed and all reasonable inferences which may be drawn from it as well. Ordinarily, the trial judge may not invade the province of the jury and decide a factual issue upon conflicting testimony. An exception to this rule has been recognized and applied where the established physical facts are so contrary to the testimony of the witnesses as to render their evidence inherently impossible or where there are reasonable grounds for concluding that the testimony is false (which is not so in this case). D. G. Hayes Wholesale Grocery Co. v. Fortney's Adm'r, 277 Ky. 441, 126 S.W.2d 864; Globe Indemnity Co. v. Daviess, 243 Ky. 356, 47 S.W.2d 990.

In the instant case the testimony with respect to the negligence of the drivers of the two vehicles involved in this accident is in irreconcilable conflict. Furthermore, it is difficult to determine from the skid marks or from the photographs the exact positions of the respective vehicles at the time of the collision, or immediately prior thereto, so as to ascertain with any degree of certainty the fault or lack of fault on the part of the operators of the vehicles. See Adrian v. McGillivray, Ky., 243 S.W.2d 895, and Story v. Barnett, Ky., 239 S.W.2d 921. Therefore, we conclude that the court properly submitted the issue of negligence to the jury.

Judgment affirmed.

BIRD, C. J., not sitting.