Robert SHERLEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 19, 1965.

John W. Coomes, New Castle, for appellant.

Robert Matthews, Atty. Gen., Walter C. Herdman, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant, Robert Sherley, was convicted of voluntary manslaughter and sentenced to imprisonment for five years. KRS 435.020. The sole question raised on the appeal from that conviction is whether the trial court complied with the requirements of RCr 9.66 which in pertinent part are as follows:

" * * * When a jury composed of both sexes must be kept together, the male members of the jury may be separated from the female members and each sex kept together in charge of an officer of like sex."

Since the jury impaneled to try appellant included both men and women it is appellant's contention that the court erred in failing to place the female jurors in the charge of an officer of like sex. The record reflects that the jury was allowed one hour for lunch during which time it was in the charge of Deputy Sheriff George Ransdell. The trial was completed in one day and so far as appears herein the jurors were never separated one from another. We held in Horton v. Commonwealth, Ky., 240 S.W.2d 612, 614, that under our system of trial by jury, much reliance must be placed upon the integrity of the jurors and "[i]t is not within the contemplation of the Criminal Code of Practice, § 244 [Now incorporated in RCr 9.66], that the jury must be put in a vacuum during the trial." Also see Roark v. Commonwealth, Ky., 321 S.W. 2d 783.

The quoted provision of RCr 9.66 is primarily intended to apply where it is necessary to protect the jury from improper influence during overnight recesses or where circumstances require this protection.

In the instant case the record does not reflect the need for a female bailiff or even a timely objection when such a bailiff was not supplied.

The judgment is affirmed.