**Jimmie A. WOODFORD, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 19, 1965.

Holland G. Bryan, Paducah, for appellant.

Robert Matthews, Atty. Gen., F. E. Wood, Asst. Atty. Gen., Albert Jones, Commonwealth's Atty., Paducah, for appellee.

MOREMEN, Chief Justice.

Appellant, Jimmie A. Woodford, was indicted and tried under KRS 435.020. He was found guilty of involuntary manslaughter in the first degree and sentenced to two years' confinement in the state penitentiary. This is the second appearance of this case in this court, the first one being reported in Ky., 376 S.W.2d 526.

At approximately 11:15 p. m. on November 7, 1962, an automobile driven by appellant and one driven by Mildred Traughber collided at the intersection of 17th and Jefferson Streets in Paducah. Jefferson is a boulevard or through street; 17th where it crosses Jefferson is a stop street. The Commonwealth's testimony indicated that appellant was proceeding north on 17th Street, failed to observe the stop sign at Jefferson and ran out into the through street and crashed into the Traughber car. Appellant testified that he was proceeding west on Jefferson Street at a reasonable rate of speed when Mrs. Traughber's car emerged suddenly from 17th Street in front of him, that he applied his brakes and skidded so that his car made a ninety degree turn and ran into the Traughber car. Therefore a direct conflict in evidence was presented as to whether appellant was driving his car on Jefferson Street or on 17th Street. Each side had a witness or witnesses who, to a certain extent, corroborated its view. There was also a direct conflict in evidence as to whether appellant was intoxicated at the time.

Appellant urges four grounds for reversal; (1) certain evidence introduced was inadmissible because it was obtained by plying appellant with questions in violation of subsection (1) of KRS 422.110;

(2) refusal to discharge the jury because of an alleged conversation between a prosecuting witness and a juror; (3) misconduct of a detective of the Commonwealth in stating to a witness in the courthouse corridor "you had better change your testimony;" (4) the trial court should have given a concrete instruction on sudden emergency.

■ One of the first officers to arrive at the scene of the collision was Bert Rankin. The ambulance was called for Mrs. Traughber after which the officer attempted to get the crowd to stand back from her. Later he took appellant to a squad car in order to question him. Appellant admitted that he ran the stop sign when proceeding north on 17th Street. It is this period of questioning that appellant contends violates KRS 422.110 and renders the evidence incompetent. Section (1) reads:

"No peace officer, or other person having lawful custody of any person charged with crime, shall attempt to obtain information from the accused concerning his connection with or knowledge of crime by plying him with questions, or extort information to be used against him on his trial by threats or other wrongful means, nor shall the person having custody of the accused permit any other person to do so."

The officer testified that he talked to appellant for a period of about twenty minutes. Appellant testified as follows:

"Q. How long did they keep you there before they took you down to the city hall? A. About thirty minutes I guess.

"Q. Did anybody else question you there besides Bert Rankin? A. Yes, but I don't remember who it was. Other officers got in the car and got out, and got in again and got out.

"Q. Just different ones taking turn about talking to you, is that it? A. Yes sir."

The proof falls far short of disclosing that the admissions were obtained by sweating or were induced by hope or fear raised by promises or threats. See Milam v. Commonwealth, Ky., 275 S.W.2d 921.

■ The incident involving the juror is as follows: Appellant Woodford testified that during a short recess he entered a rest room and heard one of the witnesses for the Commonwealth and one of the jurors conversing. He did not hear what they said and they ceased talking when he entered the room. The court examined the witness and he testified that he did talk to one of the jurors about a fire which he had had in his store. He said there was not one word in the conversation concerning the trial of Woodford. The court concluded after the examination that no prejudice resulted from the conversation and overruled the motion to dismiss.

At a previous recess the court had admonished the jury in accordance with RCr 9.70 and, before the recess in question, had told them that the same admonition applied. This section of the criminal rules does not require that the juror be mute during the interim, but only places upon him the duty not to permit anyone to speak or communicate with him on any subject connected with the trial. We have held several times that it is not contemplated that the jury must be in a vacuum during the trial. Horton v. Commonwealth, Ky., 240 S.W.2d 612; Roark v. Commonwealth, Ky., 321 S.W.2d 783; and Sherley v. Commonwealth, Ky., 387 S.W.2d 284 (handed down February 1965). We believe the court properly determined that the admonition had not been violated.

■ Appellant next complains of the statement of a detective for the Commonwealth. Two witnesses testified that he told them in the corridor that they should change their testimony; both of these witnesses testified that they did not change their testimony because of the remark. It was not made in the presence of the jury and we find no prejudicial error in this instance.

■ Appellant urges that under the opinion in Marye v. Commonwealth, Ky., 240 S.W.2d 852, appellant was entitled to an instruction on sudden emergency. There Marye testified that he was driving on the right-hand side of the highway at a reasonable speed. As he approached the Land residence he observed an automobile with its lights burning parked on the wrong side of the highway in front of the Land residence. He stated that when he was within a short distance of the parked automobile it suddenly pulled out into the highway in the path of his automobile. In order to avoid a collision he swerved his car sharply to the right, ran onto the lawn of the Land residence and struck Mr. and Mrs. Land. We held that under such a situation concrete instructions on sudden emergency should have been given. The facts were quite different from those presented here since there was no act by a third party that caused appellant to make a quick choice of action when in a position of peril. The basic question concerns the street on which appellant was traveling at the time of the accident. We believe the instruction properly presented this question.

■ Finally appellant urges that the pictures of the automobiles introduced as evidence should not have been permitted because they disclosed only the right side of appellant's car and the left side of the deceased's car, and failed to show both sides of both automobiles. In Lee Lewis, Inc. v. Dosch, 193 Ky. 163, 235 S.W. 355, it was stated:

"* * * while the photographs must be identified, and must be a fair representation of the object pictured, they are not, and cannot in the nature of things be a complete representation of every detail of an injury to an automobile."

We do not believe the court abused sound discretion in admitting the photographs.

We are of opinion that appellant received a fair trial and the judgment is affirmed.