William E. MILLER, Appellant,

v.

Robert Howley QUAIFE et al., Appellees.

Court of Appeals of Kentucky.

June 11, 1965.

Freeman B. Blackwell, William D. Grubbs, Louisville, for appellant.

Kent McElwain, McElwain, Dinning, Clarke & Winstead, Louisville, for appellees.

MONTGOMERY, Judge.

William E. Miller sought damages for injuries allegedly caused by the negligent operation by Robert Howley Quaife of a motor vehicle owned by his mother, Mary Ann Quaife. Damages to the Quaife car were asserted by counterclaim. The jury returned a verdict of concurrent negligence and denied both claims. Miller appeals from the judgment thereon. He contends that the court should have directed a verdict for him; the instructions were erroneous; and errors were made in the admission and rejection of testimony.

The collision occurred at about 3 p. m. on July 19, 1962, at the intersection of Chamberlain Lane and Wolf Pen Branch Road. At this point Wolf Pen Branch Road runs generally east and west to intersect Chamberlain Lane, which runs generally north and south, thus forming a "T" intersection. At the junction Wolf Pen Branch Road is rounded out to a width of 80 feet. From a point 600 feet south of the intersection the grade of Chamberlain is downward to the intersection. There is a stop sign on Wolf Pen requiring traffic traveling thereon to stop at the intersection before entering Chamberlain Lane. The stop sign is located about 34 feet from the west edge of Chamberlain.

Appellant said that he stopped at the sign on Wolf Pen, looked in both directions on Chamberlain Lane, saw no approaching vehicle, pulled forward into the intersection, looked again and saw no approaching vehicle, and completed the turn southward into Chamberlain Lane without crossing the center line before he saw the Quaife car come over the rise in the road about 600 feet away. He said that the Quaife car was then traveling at about 70 miles per hour and that it began skidding when it was about 100 feet from appellant's car, and that the Quaife car continued to skid sideways until it collided with his car, which was in its proper traffic lane.

Travis Caudell, who was cutting grass in a nearby yard, substantiated the testimony of appellant. On cross-examination it was brought out that in a pretrial deposition Caudell had stated that "his left rear (Miller's car) was just about on the line," referring to the center line of the highway, at the time of the collision.

Quaife testified that he was driving his mother's car about 45 to 50 miles per hour in a northward direction and in the east lane of Chamberlain Lane; that he saw the Miller car stopped at the intersection as he came over the rise; that he continued at the same speed until he saw the Miller car turn into Chamberlain Lane; and that at that time he applied his brakes and his car skidded at an angle until it collided with the Miller car in his (Quaife's) traffic lane. Immediately following the collision Quaife said, "I was driving too fast and I panicked and lost control of my car and slammed into you." He later explained that at the scene of the accident appellant, who was older, took charge and he (Quaife), being nervous and upset, went along with just about anything that appellant said and did.

Quaife's testimony as to the accident was corroborated by Warner Maxwell and George Brown, passengers in his car. Quaife's statement that he was at all times in his proper lane of traffic was further corroborated by the testimony of the investigating officer, who said that skid marks for a distance of 117 feet were in Quaife's lane and led up to the place of collision on the Quaife side of the center line of the road.

In view of the conflict in the testimony as to the speed of the Quaife car, the positions of the two cars with reference to the center line of the road, the place of collision, and other factual issues, the trial

court was correct in submitting the matter to the jury. Adams v. Parsons, Ky., 313 S.W.2d 426; Slusher v. Brown, Ky., 323 S.W.2d 870; Mahaffey v. Jones, Ky., 345 S.W.2d 379.

■ KRS 189.330(4), concerning the yielding of right of way at an intersection, has no application here since neither car had any occasion to yield the right of way if properly driven. Quaife should have been in the east lane and Miller should have been in the west lane. Under such circumstances the paths of their cars would not have crossed and there is no question of yielding the right of way.

■ Appellant, in support of his argument that he should have had a directed verdict, seeks to inject the contention that Quaife discovered his peril and failed to exercise a last clear chance to avoid the collision. So far as this record discloses the contention is made for the first time in appellant's brief. There is no allegation, instruction, objection, or motion which indicates that the question of last clear chance was presented to the trial court in any form for consideration. Accordingly, the matter is not adequately presented for review and will not be considered. CR 51; Patton v. Lake, Ky., 294 S.W.2d 917; Ellis v. Knight, Ky., 382 S.W.2d 391; Lively v. Elkhorn Coal Co., 6 Cir., 206 F.2d 396.

■ Complaint is made that undue emphasis was given in outlining the duty of Miller to keep his car on the right of the center line of the highway. In Instruction 1 the court first set forth the general duties applicable to both drivers which included the duty "to operate their automobiles to their right of the center line of the highway." The concluding portion of the instruction follows:

"* * * It was the further duty of William E. Miller to bring his automobile to a complete stop at Chamberlain Lane and to yield the right of way to traffic on Chamberlain Lane approaching so close as to constitute an immediate hazard; having so yielded, he might proceed, and the drivers of vehicles approaching on Chamberlain Lane should yield the right of way to the plaintiff Miller so proceeding into Chamberlain Lane; and in making a right turn from Wolf Pen Branch Road into Chamberlain Lane it was the duty of Miller to keep to his right of the center line of Chamberlain Road."

Miller complains that the last clause of the instruction, together with the general instruction to keep to the right, constitutes undue emphasis of the duty of Miller to drive to the right of the center line. The quoted portion of the instruction is simply a specific application of the general duties of both parties to the factual situation in this case. While it referred to Miller's duty to keep to the right, it also referred to the duty of approaching vehicles on Chamberlain Lane to yield the right of way.

First, it is not considered that there is any undue emphasis. The instruction submitted the issues in specific and concrete form. Second, appellant made no objection to the instruction given and further the instruction tendered by him does not point up the claimed error; thus, he is not in a position to complain now. CR 51; Tillman v. Heard, Ky., 302 S.W.2d 835; Blankenship v. Staton, Ky., 348 S.W.2d 925.

■ Appellant argues that certain photographs showing skid marks were admitted erroneously, in that there was no proof that the photographs were accurate and faithful representations. They were not introduced through the photographer. However, the testimony from the witness through whom the photographs were introduced shows that the witness identified various markings on the road and said that the pictures were accurate representations. Such constituted an authentication of the photographs and they were properly admitted. Square Deal Cartage Co. v.

Smith's Adm'r, 307 Ky. 135, 210 S.W.2d 340.

Complaint is also made concerning the rejection of certain proof of damages to appellant's car. It is unnecessary to discuss this point.

Judgment affirmed.