**COMMONWEALTH of Kentucky, Appellant,**

v.

**Bruce PRATER, et al., Appellees.**

Court of Appeals of Kentucky.

July 18, 1986.

Discretionary Review Denied by Supreme Court Sept. 16, 1986.

David L. Armstrong, Atty. Gen., Elizabeth A. Myerscough, Eileen M. Walsh, Asst. Attys. Gen., Frankfort, for appellant.

John C. Collins, Salyersville, for appellees.

Before LESTER, McDONALD and REYNOLDS, JJ.

McDONALD, Judge:

This case is on review of an order of the circuit court which prohibited the Commonwealth from playing before a jury a tape recording of the rape and complicity to rape for which the appellees/defendants[1] below were indicted.

1. The appellee has been improperly designated "et al." Bruce Prater was the only defendant

The facts we deal with are abbreviated. Bruce Prater danced with the prosecution witness, Kimberly Johnson, at the Highlander in Salyersville. When the establishment closed Kim rode with Prater to Dale Stephens' trailer along with Stephens and Jeff Markland. Bruce Prater had consentual sex with Kim in the the bedroom of the trailer but then she claims she was raped by the others, and that Prater was a complicitor in the rapes.

Unbeknown to the appellees a tape recorder, which had been playing music, began taping the events. It was commented at oral argument that instead of the tape recorder being turned off, one of the defendants inadvertently pushed the "record" button. Regardless, the tape player was the property, actual or constructive, of one of the defendants. Without question, it was not owned or operated by the prosecution witness or by any agent of the Commonwealth.

As explained in the Commonwealth's brief:

After the rape ... Kim heard voices on the tape player. After the defendants left the room, she removed the cassette, placing it in her purse. Upon returning home, she played a portion of the recording for the family with whom she lived.... The next morning she again played the tape for her companions. At their urging, she went to a local hospital for examination and reported the crime to the Kentucky State Police. While at the hospital Kim met with Kentucky State Police Detective Roger Castle and relinquished the cassette tape to him.

The tape contains screams of the prosecution witness for help, begging by her for the defendants not to force themselves on her, and pleas for Prater to help her. She verified the tape as a true and accurate recording of the events and identified the voices. She stated that no additions or deletions were made.

In order to give a balanced view we note the appellees' suppression hearing testimo-

properly named; however, this opinion will ap-

ny showed that all sexual acts were voluntary.

The trial court, upon appellees' motion to suppress the tape as evidence at the trial, entered an order of suppression. In so doing it reasoned the Commonwealth had failed to lay a proper foundation pursuant to *Commonwealth v. Brinkley*, Ky., 362 S.W.2d 494 (1962).

It is our conclusion that *Brinkley* is not applicable to our case at hand. True, *Brinkley* held that a proper foundation must be laid before a recording can be admitted in evidence, and outlined seven factors which would show a proper foundation. We will not apply *Brinkley* or its reasoning because in that case the recordings were made by a sheriff working with the prosecuting witness for the purpose of recording the defendant. Here, there is no intrusion by the state or any of its agents into constitutionally protected areas. Therefore, the strict requirements applied to evidence gathering by the state or its agents is not the test for admissibility under these circumstances.

The issue then becomes whether there is any other basis to uphold the trial court's ruling. We believe there is not and hold that the trial court must re-examine its ruling with the following in mind: The admissibility of the tape recording should be confined to a test similar to the one applicable to evidence of a photographic nature. With photographs the witness needs only to testify that the pictures are "accurate and faithful representations" of what they show. *See Miller v. Quaife*, Ky., 391 S.W.2d 682 (1965), and *Lee Lewis, Incorporated v. Dosch*, 193 Ky. 163, 235 S.W. 355 (1921). This reasoning was adopted in *Poteet v. Commonwealth*, Ky., 556 S.W.2d 893 (1977), and is succinctly stated in R. Lawson, *The Kentucky Evidence Law Handbook* § 7.10(111) (2nd ed. 1976): "In other words, testimony sufficient to support a finding that tape recordings are what they are purported to be is sufficient evidence of authenticity for introduction of the recordings into evidence."

ply to the unnamed defendants as well.

The order of suppression is reversed and the issue remanded to the trial court in conformity with this opinion.

All concur.