## Standard Construction Co. v. Jeunesse.

(Decided November 30. 1910.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

Contract—Building Nine-Sstory House—Value of Carpenters' Work—Damages for Delay—Finding of Lower Court Affirmed.—In an action for damages for violation of a contract for work and labor in doing the carpenters' work on an eleven-story building for the L. & N. R. R. Co., at Ninth & Broadway streets in the city of Louisville, which was let to the Standard Construction Company, and a portion of the carpenters' work was sublet to the appellee at the price of $9,688.00, the lower court found from the evidence that the delay in the work was caused by appellants failure to furnish the material as it had agreed to do, and found a balance in favor of appellee of $2,370.00 as the balance due him for labor on the building at the contract, one cent in damages for being deprived of the privilege of completing the contract, and $3,880.00 for his claim for extra work, from which judgment appellant appeals. Held, the lower court found from the evidence that the delay in the work was caused by appellant's failure to furnish the material as it had agreed to do. Each party introduced a great amount of evidence upon this point, and it is difficult

to determine which had the preponderance, and therefore we are unwilling to disturb the finding of the lower court thereon, and its finding is therefore affirmed.

B. F. WASHER and N. L. GOLDSMITH for appellant.

KOHN, BAIRD, SLOSS & KOHN, for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant entered into a contract with the L. & N. R. R. Co. to furnish the material and construct an eleven-story building on the corner of Ninth and Broadway streets in Louisville, Ky. Appellant let to about a dozen sub-contractors certain portions of the work, and appellee was one of them. He entered into contract with appellant and agreed for the price of $9,698.00 to do the carpenter's work as required by the specifications and as stipulated in the contract entered into by appellant and the railroad company. Appellee proceeded to comply with his contract, section five of which is as follows:

"Should the subcontractor at any time refuse or neglect to supply a sufficiency of properly skilled workmen, or of materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements herein contained, the contractor shall be at liberty, after three days' written notice to the subcontractor, to provide any such labor or materials and to deduct the cost thereof from any money then due or thereafter to become due to the subcontractor under this contract; and the contractor shall also be at liberty to terminate the employment of the subcontractor for said work and to enter upon the premises and take possession, for the purpose of completing the work included under this contract, of all materials, tools and appliances thereon, and to employ any other person or persons to finish the work, and to provide the materials therefor; and in case of such discontinuance of the employment of the subcontractor, he shall not be entitled to receive any further payment under this contract until the said work shall be wholly finished, at which time, if the unpaid balance of the amount to be paid under this contract shall exceed the expense incurred by the contractor in finishing the work, such excess shall be paid by the contractor to the subcontractor; but if such expense shall exceed such unpaid balance, the subcontractor shall pay

the difference to the contractor.  The expense incurred by the contractor as herein provided, either for furnishing materials or for furnishing the work, and any damage incurred through such default shall be paid by the subcontractor.''

Appellant gave appellee notice, under this contract, on the 25th day of September, 1906, that unless he increased his force of carpenters to  forty  within three days, it would take charge of the work, complete it and charge the cost thereof to him.  Appellee did not increase his force as stipulated in the notice, and on September 29, 1906, appellant took charge, employed  its own carpenters and completed the building.

Appellee instituted this action to recover the value of the labor he had performed under the contract at the contract price, the profit he lost by not being allowed to complete the work, which he alleged to be $500.00, and $3,880.00 for labor he had performed on the  building, which he was not required to do under the contract. Appellant filed an  answer and  counter-claim  for  over $11,000.00, which it alleged it had expended in completing the work appellee was to do under the contract, and denied that it owed appellee anything, and that appellee could have made any profit out of the contract, and alleged that he would have sustained a heavy loss; that he had violated his contract in not furnishing a sufficient number of skilled carpenters to perform the labor with speed as required by the contract; that it was compelled to take charge and complete the work.  Appellant    at first denied the claim for $3,880.00 for extra work, but afterwards confessed it.

The lower court found in favor of appellee,  $2,370.00, the balance due him for labor on the building at the contract price, one cent in damages for being deprived of the privilege of completing the contract, and $3,880.00, his claim for extra work.  Appellant appeals from this judgment.

There is no contest as to the amount last named, or as to the sum allowed as damages.  The only questions for consideration are:  First, should the court have allowed the $2,370.00 to appellee for work performed at the contract price?  Second, did the court err in failing to allow appellant anything on its counter-claim?  Counsel for the parties have filed interesting briefs containing near two hundred pages of type-written matter, and have discussed with ability every question contained in the record, which consists of about fifteen hundred pages;

but we deem it unnecessary to discuss in detail all the points presented by the briefs or by the testimony. We have concluded that the result of the case depends upon the question as to whether or not appellant rightfully or wrongfully prevented appellee from completing his contract. If appellee violated his contract in the respects named, appellant rightfully took charge and completed the work, and it should have been allowed on its counter-claim the amount reasonably and in good faith expended to complete it. This proposition needs no authorities to support it. But, on the contrary, if appellee did not violate his contract and the delay in the work was not caused by him, but by the failure of appellant to furnish him material with which to perform his contract, then appellant had no right to take the work from him and deprive him of the right to complete it, and it should not be allowed anything on its counter-claim.

But appellee should be allowed to recover for the work done by him such a proportion as the part performed bears to the whole contract price, and, in respect to the work not performed, such profits as he would have realized had he been permitted to complete the work, and in such a case appellant cannot counter-claim against the price for the work done, as this would allow it to reap the benefits of its own wrong by breaching the contract. (Western v. Sharp, 14 B. Mon., 114; Williams, Kohler & Barrier v. Yates, 113 S. W., 503; and Reed v. I. C. R. R. Co., 25 Ky. Law Rep., 389.)

The lower court found from the evidence that the delay in the work was caused by appellant's failure to furnish the material as it had agreed to do. Each party introduced a great amount of testimony upon this point, and it is difficult to tell which has the preponderance; therefore, we are unwilling to disturb the finding of the lower court thereon. There was likewise much testimony introduced upon the proposition as to the extent appellee had carried the work under the contract at the time he was ousted. Appellee and his witnesses, who were present during the progress of the building, testified that when he was deprived of the contract by appellant, he had completed from three-fourths to five-sixths of it; and the witnesses for appellant who had also been on the building during its construction, fixed it at three-fifths. Appellant introduced three expert witnesses who resided in Chicago, and who had made a calculation of the carpenter's work on the building from the specifica-

tions, and they varied in their estimates from $15,000.00 to $17,000.00, showing that appellee took the contract at a little over one-half of the value of the work. They do not state nor attempt to state, however, how much work appellee had done when he was deprived of the privilege of finishing his contract. The court fixed the portion of the contract completed at about three-fourths, the amount fixed by Galvin, assistant architect of the L. & N. R. R. Co., who was present during the progress of the building, and allowed appellee $2,370.00, appellant having prior to that time paid him something over $5,200.00 on monthly estimates.

It is impossible to reconcile the conflicting testimony, but it is sufficient to say that the court had plenty of evidence upon which to base its judgment, and we decline to disturb it.

For these reasons the judgment of the lower court is affirmed.