**E. C. ELLIS et al., Appellants,**

**v.**

**Ivan KNIGHT, Appellee.**

Court of Appeals of Kentucky.

Sept. 25, 1964.

L. M. Ackman, Williamstown, for appellants.

William F. Threlkeld, Williamstown, for appellee.

FAUST Y. SIMPSON, Special Commissioner.

Appellee, Ivan Knight, filed this action against appellants, E. C. Ellis and his wife Naomi Ellis, to recover damages for the alleged breach of a contract for the building of a house by appellee for the appellants. A judgment was entered on a jury verdict for the appellee.

Appellants are the owners of a lot located on Kentucky Highway No. 22 near Dry Ridge, Kentucky. They contracted with appellee to build a house on this lot according to plans and specifications outlined in the contract. Under the terms of the contract appellee was to be paid $4,000 when the basement was completed, $5,000 when the house was under roof and the balance of $4,000 when the house was completed.

According to the plans and specifications, the depth of the basement was to be 7 feet 6 inches. After the basement had been dug, the footings poured and the concrete walls poured, which extended 22 inches above the ground, and center beam installed, a dispute arose between the parties as to how high above ground level the top of the basement wall would extend. Appellants contended the parties agreed the top of the basement walls should be level with the ground. Appellee denied such agreement. The parties were unable to solve their differences and appellants ordered appellee to stop all work and not to return to the premises. Appellee then filed this action to recover the sum of $4,000 under the contract for completing the basement, and $750 in damages for being prohibited from completing the contract. During the course of the trial, appellee testified all he wanted to recover was the amount expended to date for completing the basement, which was $2,364.65, and $750 in damages for being prohibited from fulfilling his contract, or a total of $3,114.-65. The jury returned a verdict for appellee for this amount. Following the trial and before judgment was entered, appellee filed an amended complaint to conform the pleadings to the proof by alleging that in carrying out the terms of his contract with appellants he expended the sum of $2,364.65 for goods, wares, merchandise, labor, etc.

Appellee urges the Court to strike appellants' brief from the record and affirm the judgment on the ground appellants failed to comply with RCA 1.210 in that they failed, in their brief, to designate a statement of the questions presented.

 While it is unnecessary to pass on this question as the case must be affirmed on other grounds, counsel should be admonished that this rule is clear in its meaning and is designed to assist the Court in evaluating a litigant's position and a failure to comply with the rule could result in jeopardizing the litigant's rights in this Court.

Since appellants did not in their brief designate a statement of the questions presented, it is difficult to determine their contention, but we conclude from their brief that their only complaint is the appellee sued on an express contract but recovered on an implied contract and this cannot be done, and cite as authority Moore v. Stanfill, 235 Ky. 372, 31 S.W.2d 610; King v. Ohio Valley Terminix Co., 309 Ky. 35, 214 S.W.2d 993. We agree with the principles laid down in these cases, but they have no application to the instant case. We cannot agree with appellants that appellee recovered on an implied contract. The allegation in the complaint is that appellee was entitled to recover as damages $4,000 for work done under the contract, later amended to $2,364.65, and in addition, the sum of $750 for loss of profits on the entire contract. Appellee's proof adequately sustained these allegations. We have heretofore held that this is the proper measure of damages where the contractor is wrongfully prohibited from completing his contract. Western v. Sharp, 53 Ky. (14 BMon) 177; Standard Const. Co. v. Jeunesse, 140 Ky. 833, 131 S.W. 1028; and Johnson v. Tackitt, 173 Ky. 406, 191 S.W. 117.

We might also add that the trial court instructed the jury on this theory and the appellants made no objections to the instructions, nor offered any instructions submitting any other theory. Having made no objections nor offered any to the contrary, they are not now in a position to claim error. See Blankenship v. Staton, Ky., 348 S.W.2d 925.

The panel recommends that the judgment of the lower court be affirmed.

The opinion is approved by the Court and the judgment is affirmed.