SCOTT FARMS, INC., and Rudy Scott, Appellants,

v.

J. T. SOUTHARD, Appellee.

Court of Appeals of Kentucky.

Feb. 16, 1968.

Robert G. Hunt, King, Deep, Branaman & Hunt, Henderson, for appellants.

William L. Sullivan, Dorsey & Sullivan, Henderson, for appellee.

EDWARD P. HILL, Judge.

This is an appeal from a judgment entered pursuant to the verdict of a jury in appellant-plaintiffs' suit for breach of two contracts, one written and the other oral. Under the written contract, appellants rented farm machinery from appellee. Appellee undertook in the oral contract to harvest and shell corn for appellants. The jury found $2915.50 for appellee on the oral contract and $8860 less a credit of $4500 on the written contract. This appeal followed.

Before discussing the twelve points raised by appellants in their brief, we recite the contentions and issues raised by the pleadings. Appellants alleged that appellee Southard agreed in oral contract to harvest 40,000 bushels of corn from two tracts, one containing seventeen hundred acres of comparatively level bottomland and the second tract consisting of rough hill land. Appellants charge that the contract price for harvesting and shelling the 40,000 bushels was to be ten cents per bushel. Appellee alleged that he agreed to harvest as much as possible at ten cents per bushel but that he did not agree to harvest corn on the rough land unless he could do so without damage to his equipment. During the time appellee Southard was harvesting corn on the large, level tract, another operator came into the same field and harvested corn beside appellee. No question or objection was made to this, and it is only mentioned in connection with the contention of the parties as to the total number of bushels to be harvested under the contract. Appellee finished harvesting in the bottomland. He undertook to harvest on the rough land, but says he quit for fear of damaging his equipment on account of the rough terrain and numerous stumps.

Appellants claimed $22,500 damages caused by "inability" to harvest corn that defendant should have harvested under the contract; they alleged $3000 damages for loss of grazing rights they claim they would have enjoyed had Southard not breached his harvesting contract. They asked $7500 for loss of a rye crop they would have harvested had appellee performed his contract and $5000 punitive damages. By a tendered amended complaint, appellants alleged they suffered damages in the amount of $8000 for alleged breach of the rental contract on farm equipment in that Southard did not maintain such equipment as he agreed and by reason of the failure of Southard to furnish proper equipment as agreed. Appellant Scott contended the equipment used would plow to a depth of only nine inches, whereas equipment that would plow to a depth of fourteen inches would have produced more yield.

In addition to appellee's claim for $2915.50 for harvesting, he prayed for $2000 damages to his equipment on account of its use on the hill land. He also sought $11,000 for damages to his equipment and $15,000 for the use thereof during the term of the written lease and during a few months appellants used the equipment after the termination of the lease.

■ First appellants argue that the trial court erred in overruling their motion for a directed verdict and for judgment notwithstanding the verdict as to the harvesting contract. The simple answer to this argument is that there was ample evidence for appellee's theory of the case. We do not consider it necessary or beneficial to this opinion to quote such evidence although it is direct and positive in its support of the verdict. We conclude the question was one for the jury and that the trial court properly submitted same to the jury. By the same token, there was no error in overruling appellants' motion for judgment n. o. v.

■ Appellants next complain of the ruling of the trial court refusing to permit

the filing of an amended complaint asking for $17,000 damages for breach of the rental contract (of farm equipment). It is noted the original complaint only asked for a "rescission" of the contract when appellants had enjoyed substantially all the benefits therefrom. The hearing on the motion to amend was held on May 12, 1966, four days before the trial date. We recognize that CR 15.01 contemplates that "leave shall be freely given when justice so requires," as the rule itself stipulates. Nevertheless the trial court is vested with a discretion in ruling on motions to amend pleadings. In the present case, the dates and contract itself showed the period the rental contract was to run. There was no offer to surrender the equipment; in fact, appellants continued to use it for some time thereafter. In instruction 5, the trial court allowed the jury to give appellants credit for any time the equipment was inoperable against the rental price agreed upon. CR 15.02. This left only the contention (contained in the amended complaint) that the equipment did not plow a furrow sufficiently deep to produce the maximum crop. This claimed item of damages is highly speculative assuming for the purpose of argument that the equipment contemplated by the contract was not furnished. Appellants accepted and used the equipment without objection. Enough said for this.

■ Appellants' next point concerns an instruction to the jury to find for appellee $3000, representing the rental contract price of $7500 for the use of equipment less $4500 admittedly paid on the contract. By instruction number 5, the jury was authorized to "deduct from any such award made under instruction #3 or #4, the amount of the fair rental value of said equipment during the times said equipment was inoperable." This instruction placed no limit on the amount the jury could "deduct." We conclude the instruction questioned was proper.

■ Appellants next say: "The trial court erred in permitting and actually directing a recovery upon an implied contract without pleading to support it." This position is predicated upon the fact that the action of the trial court in directing the jury to find $2915.50 for appellee was really a direction to find under *quantum meruit* without a pleading demanding *quantum meruit*. Appellants cite Ellis v. Knight, Ky., 382 S. W.2d 391. We agree, as was said in Ellis, supra, page 393, "with the principles laid down in these cases, but they have no application to the instant case." Cf. Simmons v. Atteberry, Ky., 310 S.W.2d 543. In the case at bar, appellee's answer and counterclaim alleged a contract different from that claimed by appellants. The jury was instructed in such a manner that it could accept either theory. It accepted the appellee's. Furthermore, appellants benefited by the contract. It is written in Johnson v. Tackitt, 173 Ky. 406, 191 S.W. 117, 118, that: [E]ven though the breach were appellee's since his work had been accepted by and was beneficial to appellant, he could recover upon a quantum meruit, subject to appellant's right to recover damages, as asserted in her counterclaim, for appellee's breach." It may be added that *Johnson*, supra, came along years before the liberalization of modern Civil Code of Practice.

We are next told by appellants that "the trial court under the evidence erred in directing a verdict for J. T. Southard for harvesting work performed."

In presenting this argument, appellants say that under uniform practices in large corn producing territories 10 percent must be deducted for "moisture" content, which when deducted from the 29,155 bushels gathered leaves only 26,240 bushels they should pay for. This argument overlooks evidence by Ed Kincade, office manager of Henderson Elevator, that moisture is not deducted from bushels, only from weight measurement. With our limited knowledge of weights and measurements, we may assume that a bushel is a bushel the world over.

Objection to the admission of various and sundry items of evidence is raised in appellants' point six.

■ First it is claimed the trial court erred in admitting evidence by appellee of "profits" he would have made had be "been allowed to stay on the land that we was supposed to have stayed on." (Appellee's evidence.) Apparently at this point, appellee was attempting to complain that appellant allowed L. T. Duncan to harvest in the large, level boundary in violation of appellee's claim that he had the exclusive right therein. The court did not instruct on "profits." The evidence was not proper, but we do not consider it prejudicial.

■ Next appellants complain of the introduction of evidence pertaining to a "tachometer," an instrument designed to register the number of hours a tractor is operated. Inasmuch as the trial court sustained objection to the material part of this evidence, such as was admitted was harmless.

Objection is made to evidence that appellants sued L. T. Duncan in connection with harvesting in the same territory covered by appellee's oral contract. This may have been competent at that time on the question of appellants' claim for pasturing and grazing rights and on the respective contentions as to where the harvesting was to be done. Anyway after a hearing by the trial court in the absence of the jury, any further evidence on this subject was prohibited. We find no prejudice in the admission of this evidence.

■ Appellants next urge that error was committed by the trial court in instructing the jury on compensation to appellee for use of equipment over and above the contract price ($7500). Appellants admitted using the equipment in excess of the time and for purposes not provided in the contract. The jury returned a verdict for the appellee of $1360 on this item. There was evidence the tractors were used a total of 1722 hours and that the reasonable and prevailing rental value of such equipment was $5 per hour making a total of $8610 for rental on these

two pieces of the equipment. We detect no error in the instruction.

Appellants' eighth point is phrased as follows: "The trial court erred in failing to instruct the jury as to setoff against the claim of damage of the defendant, J. T. Southard, with respect to the equipment rental contract, and in refusing to allow setoff for plaintiffs' claims for breach of the equipment rental contract by defendant."

■ The first prong of this argument complains that the trial court erred in failing to instruct the jury it could find for appellants on the claim attempted to be presented by amended complaint, which was not permitted by the court. As noted above, such matter was too speculative, justifying the trial court in disallowing the filing of the amendment. It follows that the trial court committed no error in refusing to instruct on that issue.

The second prong states that error was committed in refusing to allow setoff for plaintiffs' claim for breach of the equipment rental contract by defendant." In this appellants are in error. Instruction 5 allowed the jury, as pointed out above, to allow credit on the equipment rental contract without any limitation as to amount. Numerous other questions are presented in appellants' brief under the above heading for the most part relating to the instructions. We find no merit in any of them.

■ Appellants' ninth black letter assignment of error relates to instruction 6, which authorized the jury to find for appellee not more than $8000 for "undue wear, tear and damage" to equipment. The jury awarded $1360 under this and another instruction for use beyond the life of the lease. As we have observed, the jury was justified from the evidence in finding $1110 for use beyond the term. If the jury found this amount was included in the item of $1360, this leaves only $250 for "undue wear, tear and damages" authorized in instruction 6. The evidence justified this amount.

Appellants present their tenth question thus: "The trial court erred in failing to submit to the jury the issue of rescission of the equipment rental contract by breaches of the defendant." The contract had another year to run. The judgment terminated it. This was an equitable issue properly disposed of by the trial court in the judgment.

The eleventh question is presented in the following language: "The trial court erred in overruling the motion for a directed verdict of the plaintiffs on the claim asserted against them by the defendant in his counterclaim for breach of the contract of harvesting and failure to pay therefore." This question is identical with question one heretofore discussed.

■ Appellants' next and last question is stated as follows: "The trial court erred in failing to direct a verdict for the plaintiffs on the claim asserted against them by the defendant for damage to the equipment."

There was evidence for appellee that the equipment was abused in excess of and beyond usual wear and tear. Also evidence was offered showing difference between the market value of the equipment before and after the term of the lease (from $5000 to $8000) in "excess of wear and tear and depreciation." As heretofore pointed out, the verdict on this item could have been as low as $250 but not more than $1360. The verdict on equipment rental contract was for $8860, subject to a credit of $4500 theretofore paid, or a net of $4360. It is apparent that the jury intended to allow appellee $3000 balance on the written contract and $1360 for damages done to the equipment for use over the term of the contract. There was no motion to itemize the findings in the verdict.

The evidence was conflicting on damages to the equipment. We think the trial court properly overruled appellants' motion for a directed verdict on this item.

The judgment is affirmed.

All concur.